IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| ANDREW ROSS and SUSAN GERARD,<br><br>　　Plaintiffs,<br><br>vs.<br><br>HECTOR BALDERAS, Jr., ROBERT GARCIA, SARAH MICHAEL SINGLETON, FRANCIS J. MATHEW, RAYMOND Z. ORTIZ, DAVID K. THOMPSON, JENNIFER ATTREP, T. GLENN ELLINGTON, SYLVIA LAMAR, DONITA OLYMPIA SENA, DONNA BEVACQUA-YOUNG, PAT CASADOS, FRANK SEDILLO, WILLIAM PACHECO, ANTONIO GUTIERREZ, ANNA MONTOYA, JUDAH BEN MONTANO, A. ARROYO, E. MONTIJO, MICHELLE PORTILLO, STEPHEN T. PACHECO, JANE GAGNE, JOYCE BUSTOS, LYNN PICKARD, PAMELA REYNOLDS, ROBIN MARTINEZ, ROBERT RICHARDS, BRENDA WALL, AUDREY MONTOYA, and ALLSTATE INSURANCE, INC.,<br><br>　　Defendants. | No.　　1:16-cv-01121 PJK/SMV |

ORDER DENYING MOTION TO RECONSIDER

THIS MATTER comes on for consideration of Plaintiffs' Motion to Reconsider Dismissal of Hector Balderas filed November 30, 2016.  Doc. 70.  Upon consideration thereof, the Motion is not well taken and should be denied.

The court granted Defendant Hector H. Balderas's Corrected Motion to Dismiss Amended Complaint filed November 10, 2016 (Doc. 31) on November 29, 2016 based upon the Plaintiffs' failure to respond.  Doc. 69.  The factual premise of the first ground of the motion to reconsider, that the response was due on November 30, 2016, because the Corrected Motion was filed on November 12, is wrong as a matter of historical fact. So too is counsel's recitation that the original motion was filed on November 10.  As indicated on the docket sheet and the date stamp across each page of the Corrected Motion, it was filed on November 10, and the original motion was filed November 8. Under the rules then in effect, Plaintiffs had until November 28, 2016 to file their response to the Corrected Motion.  D.N.M. LR-Civ. 7.4(a); Fed. R. Civ. P. 6(a) & (d) (effective until Dec. 1, 2016).

The next ground of the motion to reconsider, a clerical error in computing time that should not work to the disadvantage of the Plaintiffs, is not persuasive.  As demonstrated in the motion to reconsider, Doc. 70 at n.1, counsel appears proficient at computing the amount of time, and the motion simply does not lend support to the clerical error theory.  Nor is the court persuaded that the disparity of resources between Plaintiffs' counsel, a solo practitioner, and the Attorney General, is a viable theory, particularly

given the lengthy complaint against the numerous parties in this case.  Nor are any of the other grounds raised persuasive.

The motion to reconsider may well be moot.  The untimely response indicates that "Plaintiffs have decided to allow dismissal of Balderas as a Defendant and oppose only the claims made by Balderas in his *Corrected* Motion to Dismiss regarding the constitutionality of two criminal statutes, NMSA § 30-20-12(A) and NMSA § 30-3A-2."  Doc. 74 at 5, ¶ 9.  To the extent that Plaintiffs believe that voluntary dismissal against this defendant is warranted, it would be inappropriate for the court to resolve the merits of the claims, let alone the abstention defenses.  See generally Janssen v. Harris, 321 F.3d 998, 1000 (10th Cir. 2003) (once a notice of voluntary dismissal is filed, the court loses jurisdiction over the merits of the claims and cannot address them).

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, and DECREED that Plaintiffs' Motion to Reconsider Dismissal of Hector Balderas filed November 30, 2016 (Doc. 70) is denied.

DATED this 6th day of January 2017, at Santa Fe, New Mexico.

*Paul Kelly, J.*
United States Circuit Judge
Sitting by Designation

Counsel:

Arash "Asher" Kashanian, Albuquerque, New Mexico, for Plaintiffs.

Ari Biernoff, Assistant Attorney General (and Hector H. Balderas, New Mexico Attorney General), Santa Fe, New Mexico, for Defendant Hector H. Balderas.