# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ANDREW ROSS and SUSAN GERARD,

    Plaintiffs,

v.                                                                               No. 16-cv-1121 PJK/SMV

HECTOR BALDERAS, JR., ROBERT GARCIA,
SARAH MICHAEL SINGLETON,
FRANCIS J. MATHEW, RAYMOND Z. ORTIZ,
DAVID K. THOMPSON, JENNIFER ATTREP,
T. GLENN ELLINGTON, SYLVIA LAMAR,
DONITA OLYMPIA SENA,
DONNA BEVACQUA-YOUNG, PAT CASADOS,
FRANK SEDILLO, WILLIAM PACHECO,
ANTONIO GUTIERREZ, ANNA MONTOYA,
JUDAH BEN MONTANO, JOHN DOES 1–2,
MICHELLE PORTILLO, STEPHEN T. PACHECO,
JANE GAGNE, JOYCE BUSTOS, LYNN PICKARD,
PAMELA REYNOLDS, ROBIN MARTINEZ,
ROBERT RICHARDS, BRENDA WALL,
AUDREY MONTOYA, ALLSTATE INSURANCE, INC.,
A. ARROYO, and E. MONTIJO,

    Defendants,

and

PAMELA REYNOLDS,

    Counterclaimant,

v.

ANDREW ROSS and SUSAN GERARD,

    Counter-defendants.[1]

---

[1] Many of the originally named parties have been dismissed along with Ms. Reynolds' counterclaims. [Docs. 8, 69, 76, 81, 91, 112]. All that remains are Plaintiffs' claims against Defendants Robert Garcia, William Pacheco, Antonio Gutierrez, Anna Montoya, Judah Ben Montano, A. Arroyo, E. Montijo, and Robert Richards.

**MAGISTRATE JUDGE'S**
**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before me on Defendant Richards' two motions for sanctions against Plaintiffs and their attorney. [Docs. 80, 86]. The motions are fully briefed. [Docs. 83, 84, 99, 101]. The Honorable Paul J. Kelly, United States Circuit Judge, who is presiding in this case, referred the motions to me for proposed findings and a recommended disposition. *See* [Doc. 77] at 3. No hearing is necessary because the motions can be decided on the briefing. Having considered the relevant portions of the record, the briefing, and the relevant law, I recommend that the motions be denied.

Defendant Richards failed to comply with Rule 11's safe harbor provision, and therefore, his motion for sanctions under Rule 11 should be denied. Additionally, Defendant Richards fails to show that he is entitled to attorney fees under 28 U.S.C. § 1927 as a pro se litigant (who is also an attorney). Further, mileage is not recoverable as a cost under § 1927. Finally, Defendant Richards' invocation of the Court's inherent authority to impose sanctions is waived because he did not raise it until his reply to the second motion. Any other relief requested in the briefing, which is not specifically addressed herein, should be denied.

**Background**

This case arises from a landlord-tenant dispute. Apparently, Plaintiffs (the tenants) have been involved in numerous lawsuits related to the dispute. Defendant Richards is (or was) the attorney for the landlord. On October 10, 2016, Plaintiffs initiated this action, suing dozens of people involved in the underlying lawsuits. Plaintiffs alleged a vast and incredible criminal conspiracy, which they claimed has harmed them. [Doc. 1].

On November 12, 2016, Plaintiffs filed their Application for Temporary Restraining Order and Motion for Preliminary Injunction Pursuant to Federal Rules of Civil Procedure Rule 65(b)(1) Against Defendant Robert Richards [Doc. 41] ("Application for TRO"). They alleged that Richards "was a known associate of the 'Gambino Crime Family[.]'" [Doc. 41] at 3. They further alleged that he was relocated to New Mexico under the Witness Protection Program. *Id.* They alleged that he has repeatedly threatened them with physical harm if they did not abandon their legal claims. *Id.* They alleged that he has caused their home be surveilled day and night. *Id.* They alleged that he has "an arsenal of weaponry." *Id.* They further alleged that he hired "a masked marauder on a Kawasaki motorcycle" to break into Plaintiff Gerard's vehicle and steal her hearing aids. [Doc. 41-3] at 2.

To support their claims, Plaintiff Gerard submitted an affidavit averring that Defendant Richards had caused a frivolous complaint to be filed against her with her professional licensing board. [Doc. 41-2] at 1. (Gerard is a mental health therapist. [Doc. 1] at 2.) She further averred that Defendant Richards sent "derogatory" letters to her employer, sent "extortionary letters" to her personally, bribed law enforcement to obtain her new address, caused her residence at her new address to be surveilled "constant[ly]," and called her home and Plaintiff Ross's (her husband) cell phone "innumerable" times. [Doc. 41-2] at 1–2. Finally, Plaintiff Gerard averred that she personally observed many firearms and a crossbow at Defendant Richards' home office during a visit when she was representing herself pro se. *Id.* at 1. There is nothing that could be construed as evidentiary support for the claims that Defendant Richards has ever been connected to the mafia or that he has ever been relocated under the Witness Protection Program. *See* [Doc. 41], including [Docs. 41-1 through 41-3].

Curiously, the Application for TRO did not ask the Court to enjoin Defendant Richards from further harassing Plaintiffs.[2] *See* [Doc. 41]. Rather, it asked the Court to order Defendant Richards to "furnish . . . both his real name and the name he was born with in order for Plaintiffs to investigate his past prior [sic] bad acts." *Id.* at 4. Defendant Richards responded in opposition, arguing that the Application for TRO was frivolous and requesting, among other things, that the Court sanction Plaintiffs and their attorney. [Doc. 46] at 13, 15.

Judge Kelly denied the Application for TRO on December 2, 2016. [Doc. 77]. He found that Plaintiffs had completely failed to address the governing standard, let alone show a clear and unequivocal right to relief. *Id.* at 2. He further found that Plaintiffs had no corroborating evidence of their claims against Defendant Richards. *Id.* Finally, Judge Kelly's order acknowledged Defendant Richards' request for sanctions against Plaintiffs and their counsel under Rule 11, and he referred those requests to me "upon a formal motion." *Id.* at 3.

Defendant Richards filed his formal motion for sanctions on December 4, 2016. [Doc. 80]. He argues that Plaintiffs and their attorney filed the Application for TRO without good grounds to support it, in order to harass him and to needlessly increase the cost of litigation. *Id.* at 1. He requests about $10,000 in sanctions and fees under Rule 11 and § 1927. *Id.* at 3. He asks for this amount to reimburse him for his fees and costs in responding to the motion, *id.* at 1, and also to "deter repetition of the conduct," *id.* at 2.

Plaintiffs responded the next day, arguing that sanctions under Rule 11 would not be proper because Defendant Richards had failed to comply with Rule 11's safe harbor provision.

---

[2] In the "Information Sheet for T.R.O.," which is attached to the Application, Plaintiffs list the relief sought as an order restraining Defendant Richards or his agents from any contact with Plaintiffs and from committing further criminal acts against them. [Doc. 41-1] at 1.

[Doc. 83] at 3–4 (citing Fed. R. Civ. P. 11(c)(2)).  That is, Plaintiffs argue that Defendant Richards did not serve them with a copy of his motion for sanctions 21 days before filing it, as required by Rule 11(c)(2).  *Id.* at 4–5.  That same day, December 6, 2016, Defendant Richards filed his reply, along with a "Corrected" Motion for fees and sanctions.  [Docs. 84, 86].  In both filings, Defendant Richards argues that "the 'safe harbor' provision is inapplicable if the court sets another time to file a sanctions motion, and that is exactly what the Court did when it ordered [Richards to make his sanctions requests] upon a formal motion."  [Doc. 84] at 2; *see* [Doc. 86] at 1.  He further argues that Plaintiffs were on notice of his intent to seek sanctions when he requested sanctions in his response to the Application for TRO, which was filed on November 14, 2016 (i.e., more than 21 days before he filed his motions for sanctions).  *Id.* at 4.  Finally, he argues that Plaintiffs only dispute his request for sanctions and not his request for attorney fees, *id.* at 1, the implication being that Plaintiffs concede the attorney-fees issue.

Plaintiffs failed to timely respond to the "Corrected" Motion.  A response was due within 14 days after service of the motion, or no later than December 20, 2016.  D.N.M.LR-Civ. 7.4(a) ("A response must be filed within fourteen (14) calendar days after service of the motion. . . . in accordance with Fed. R. Civ. P 6(a) and (d) . . ."); *see* Fed. R. Civ. P. 6(d) (allowing an extra three days when service is made by certain methods that are *not* applicable here) (effective Dec. 1, 2016).  Plaintiffs filed their untimely response on December 21, 2016.  [Doc. 99]. Defendant Richards replied on December 27, 2016.  [Doc. 101].  In his reply (to the "Corrected" Motion), he requests—for the first time—sanctions pursuant to the Court's inherent authority, *id.* at 11, and he asserts new examples of Plaintiffs' counsel's failure to follow the rules of procedure, *id.* at 5–8.

5

<u>Sanctions under Rule 11 are not available<br>
because Defendant Richards failed to comply with the safe harbor provision.</u>

I am sympathetic to Defendant Richards' frustration. Plaintiffs have never offered any evidentiary support for their outlandish assertions that Defendant Richards has been involved with the mafia or is running a criminal enterprise. Nor do they suggest that any such evidence exists. However, Rule 11 and the case law interpreting it are explicit: The Court may not grant a motion for Rule 11 sanctions where the movant has failed to follow the safe harbor provision. Fed. R. Civ. P. 11(c)(2); *Roth v. Green*, 466 F.3d 1179, 1191–93 (10th Cir. 2006). I am not persuaded by Defendant Richards' argument that Judge Kelly's order relieved him of having to comply with the safe harbor provision because the order "set another time" for filing the motion. *See* [Doc. 84] at 2; [Doc. 86] at 1. Defendant Richards misreads the rule. The language he relies upon refers, not to the filing of the motion, but rather, to the deadline for the non-movant to "withdraw or appropriately correct" the "challenged paper . . ." The Rule reads:

> (2) *Motion for Sanctions.* A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service **or within another time the court sets**. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(2) (emphasis added). The opportunity to withdraw or correct the challenged paper is an explicit prerequisite to the filing of the motion for sanctions. *Id.* Importantly, that opportunity to cure cannot be initiated by notice or a letter or anything less than service of a copy of the actual motion. *Roth*, 466 F.3d at 1191–92. Because Defendant Richards

6

failed to serve a copy of the motion for sanctions at least 21 days prior to the filing of the motion, his request for sanctions under Rule 11 should be denied.

Fees and costs under § 1927 should be denied.

Defendant Richards also asks for attorney fees and costs under § 1927.[3]  However, Defendant Richards proceeds pro se.  As the movant, he bears the burden of showing that he is entitled to relief.  He cites no authority that would allow the Court to award him attorney fees when he is a pro se litigant (even though he is also an attorney).[4]  Granted, I am aware of no authority explicitly *precluding* the award of attorney fees to a pro se litigant in the § 1927 context.  However, there is abundant authority precluding the award of attorney fees to pro se litigants in other contexts.  *See Kay v. Ehrler,* 499 U.S. 432, 435 (1991) (holding that a pro se party cannot obtain attorney fees in a 42 U.S.C. § 1988 case, even if that pro se party is himself an attorney); *Demarest v. Manspeaker,* 948 F.2d 655, 655 (10th Cir. 1991) (holding that a pro se litigant is not entitled to attorney fees under the Equal Access to Justice Act); *Corrigan v. United States,* 27 F.3d 436, 438–39 (9th Cir. 1994) (holding that the tax code authorizing payment of attorney fees does not apply to a pro se litigant); *Zucker v. Westinghouse Elec.,* 374 F.3d 221, 227, 230 (3rd Cir. 2004) (rejecting a claim for attorney fees by an attorney who represented himself in a shareholder derivative suit); *see generally McNeil v. United States,* 508 U.S. 106, 113 n.10 (1993) (recognizing "a systemic interest in having a party represented by independent counsel even when the party is a lawyer").

---

[3] Sanctions under § 1927 would be available only against Plaintiffs' counsel and not against Plaintiffs themselves. *See Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1222 (10th Cir. 2006).
[4] Plaintiffs raised this issue in their response to the "Corrected" Motion.  [Doc. 99] at 13.  Although the response was untimely, Defendant Richards submitted a 20-page reply, in which he fails to offer any argument or authority on the matter.  *See* [Doc. 101].

"A party must first *incur* attorney fees before he or she is entitled to an attorney-fee award." *UFCW Local 880-Retail Food v. Newmont Mining Corp.*, 352 F. App'x 232, 238 (10th Cir. 2009) (emphasis added) (holding that a pro se objector may not receive attorney fees for his time and effort in contesting the amount of attorney fees awarded to class counsel because, as a pro se litigant, he has not "incurred" attorney fees). Pro se parties do not incur attorney fees. *Id.* I find that even though Defendant Richards is an attorney, he has not "incurred" attorney fees within the meaning of § 1927 because he is not subject to paying such fees to himself. *See id.* The fact that he spent his time on the matter, and happens to be an attorney, does not change my mind because every pro se litigant spends his time on his case.

More broadly, I find persuasive the Supreme Court's policy reasoning in *Kay* (which addressed attorney fees under § 1988). The Court explained that restricting attorney-fee awards to litigants who had hired independent attorneys would encourage them to do so and thereby increase the quality of litigation. *See* 499 U.S. at 435–36.

> Even a skilled lawyer who represents himself is at a disadvantage in contested litigation. Ethical considerations may make it inappropriate for him to appear as a witness. He is deprived of the judgment of an independent third party in framing the theory of the case, evaluating alternative methods of presenting the evidence, cross-examining hostile witnesses, formulating legal arguments, and in making sure that reason, rather than emotion, dictates the proper tactical response to unforeseen developments in the courtroom. The adage that "a lawyer who represents himself has a fool for a client" is the product of years of experience by seasoned litigators.

*Id.* at 437 (footnote omitted). Just as it makes sense to encourage litigants to hire independent counsel to prosecute their civil rights claims, it also makes sense to encourage litigants to hire independent counsel in other cases.

Beyond my finding that Defendant Richards fails to meet his burden as the movant to show that he would be eligible for an attorney fee award under § 1927 even though he proceeds pro se, I am further persuaded that restricting attorney fee awards to parties who have contracted with independent counsel furthers the Court's interest in encouraging the highest quality litigation possible. The request for attorney fees under § 1927 should be denied.

"'Excess costs' recoverable under 28 U.S.C. § 1927 include only those enumerated in 28 U.S.C. § 1920." *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 267 (10th Cir. 1995). The only cost requested by Defendant Richards is for mileage for his roundtrip from Santa Fe to Albuquerque to attend a hearing. [Doc. 80] at 4. However, a party's mileage for attending a hearing is not a "cost" under § 1920. Accordingly, Defendant Richards' request for mileage reimbursement under § 1927 should be denied.

<u>Defendant Richards waived his invocation of
the Court's inherent authority to impose sanctions.</u>

Defendant Richards asks the Court to sanction Plaintiffs and their counsel under its inherent authority, but he does so only in his reply to the "Corrected" Motion. *Compare* [Docs. 80, 84, 86] (Defendant Richards' filings, which do not mention inherent authority), *with* [Doc. 101] at 11 (raising for the first time inherent authority as a basis for sanctions). Accordingly, the argument is waived. *See, e.g., Gutierrez v. Cobos*, 841 F.3d 895, 902 (10th Cir. 2016) ("[A] party waives issues and arguments raised for the first time in a reply brief.").

**<u>Conclusion</u>**

Defendant Richards failed to comply with Rule 11's safe harbor provision, and therefore, his motion for sanctions under Rule 11 should be denied. Additionally, Defendant Richards fails to show that he is entitled to attorney fees under § 1927 as a pro se litigant. Further, mileage is

9

not recoverable as a cost under § 1927.  Finally, Defendant Richards' invocation of the Court's inherent authority to impose sanctions is waived because he did not raise it until his reply to the second motion.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Defendant Richards' motions for sanctions [Docs. 80, 86] be **DENIED**.  Further, the other requests for relief mentioned in the briefing, which are not specifically addressed herein, should be **DENIED**.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition.**  *See* **D.N.M.LR-Civ. 10.1.  If no objections are filed, no appellate review will be allowed.**

---

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**