IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| ANDREW ROSS and SUSAN GERARD,<br><br>    Plaintiffs,<br><br>vs.<br><br>HECTOR BALDERAS, JR., ROBERT GARCIA, SARAH MICHAEL SINGLETON, FRANCIS J. MATHEW, RAYMOND Z. ORTIZ, DAVID K. THOMPSON, JENNIFER ATTREP, T. GLENN ELLINGTON, SYLVIA LAMAR, DONITA OLYMPIA SENA, DONNA BEVACQUA-YOUNG, PAT CASADOS, FRANK SEDILLO, WILLIAM PACHECO, ANTONIO GUTIERREZ, ANNA MONTOYA, JUDAH BEN MONTANO, A. ARROYO, E. MONTIJO, MICHELLE PORTILLO, STEPHEN T. PACHECO, JANE GAGNE, JOYCE BUSTOS, LYNN PICKARD, PAMELA REYNOLDS, ROBIN MARTINEZ, ROBERT RICHARDS, BRENDA WALL, AUDREY MONTOYA, and ALLSTATE INSURANCE, INC.,<br><br>    Defendants. | No.    1:16-cv-01121 PJK/SMV |

ORDER GRANTING DEFENDANT GARCIA'S MOTION FOR SUMMARY
JUDGMENT BASED IN PART ON QUALIFIED IMMUNITY

THIS MATTER comes on for consideration of Defendant Robert Garcia's Motion for Summary Judgment Based in Part on Qualified Immunity filed December 14, 2016. Doc. 88.  Upon consideration thereof, the Motion is well taken and should be granted.

Summary judgment is appropriate if the movant demonstrates that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  Local Rule 56.1(b) requires the movant to file a memorandum containing a concise statement of all of the material facts as to which the movant contends no genuine issue exists.  The rule also provides that the response of the non-movant "must contain a concise statement of the material facts cited by the movant as to which the non-movant contends a genuine issue does exist."  D.N.M.LR-Civ. 56.1(b) (emphasis added).  "All material facts set forth in the Memorandum will be deemed undisputed unless specifically controverted."  Id.

Here, Defendant Garcia complied and included a concise statement of all of the material facts as to which he contends no genuine dispute exists.  Plaintiffs Andrew Ross and Susan Gerard, however, did not adequately respond.  Missing is a concise statement of the material facts as to which they contend a genuine dispute does exist.  See Doc. 103. Accordingly, all material facts set forth by Defendant Garcia will be deemed undisputed. Fed. R. Civ. P. 56(e)(2); D.N.M.LR-Civ. 56.1(b).

The undisputed facts thus indicate that Defendant Garcia is the Sheriff of Santa Fe County but is not the spiritual head of any criminal organization as alleged.  He had no knowledge of the three misdemeanor criminal complaints filed against Plaintiffs until

after he became a party to the instant lawsuit, and never discussed Plaintiffs with Attorney General Hector Balderas.  In July 2016, Defendant Garcia received two letters from Plaintiff Gerard that included complaints about one of his officers, demands for money, and threats of lawsuits.  Defendant Garcia forwarded these letters to the Santa Fe County Attorney's Office but took no other action.  At no point did Defendant Garcia direct Captain William Pacheco to silence Plaintiffs, nor did he seek to utilize criminal charges to silence Plaintiffs with other Defendants (Attorney General Hector Balderas and attorney Robert Richards).  Defendant Garcia also never contacted anyone, directly or through Captain Pacheco, to direct them not to compensate Plaintiffs.

In light of these undisputed, material facts, Defendant Garcia is entitled to summary judgment on the First, Second, and Third Counts of the First Amended Complaint (Doc. 8).  Fed. R. Civ. P. 56(e)(2).  The First Count is brought under 18 U.S.C. § 1964(c), the Racketeer Influenced and Corrupt Organizations Act ("civil RICO").  To prevail under § 1964(c), Plaintiffs must show "(1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce. . . . [P]laintiff[s] must [also] allege that [they were] 'injured in [their] business or property by reason of a violation of section 1962.'"  Moss v. Morgan Stanley Inc., 719 F.2d 5, 17 (2d Cir. 1983) (quoting 18 U.S.C. §§ 1962(a)-(c), 1964(c) (1976)); see also Dummar v. Lummis, 543 F.3d 614, 620–21 (10th Cir. 2008).  Defendant Garcia did not participate in

or have knowledge of any acts that give rise to the alleged racketeering set forth in the amended complaint. Therefore, as a matter of law, his conduct cannot constitute a violation of 18 U.S.C. § 1964(c).

The Second Count is brought under 42 U.S.C. § 1983. Because Defendant Garcia has asserted the defense of qualified immunity, Plaintiffs must allege facts to demonstrate a violation of a constitutional right and demonstrate that it was clearly established at the time of Defendant Garcia's alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 232 (2009). In their amended complaint, they allege Defendant Garcia "is completely responsible for the [referenced] acts of any employee in the Santa Fe Sheriff's Department. Garcia has committed malfeasance, misfeasance and nonfeasance in the execution of his duties as Sheriff with regards to depriving Plaintiffs [of] their civil rights pursuant to 42 U.S.C. § 1983 under color of law." Doc. 8, ¶ 195. They contend he conspired with other defendants to deprive Plaintiffs of their civil rights pursuant to 42 U.S.C. § 1983 under color of law. Id. at ¶¶ 370–72; see also id. at ¶¶ 95–96, 99, 106, 119. In their response to Defendant Garcia's instant motion for summary judgment, Plaintiffs further assert the following:

> While the violation of Plaintiffs; [sic] First Amendment rights is not spelled out in the Amended Complaint, paragraphs 106 and 107 clearly allege that between May 6, 2016 and October 10, 2016, Defendant Garcia violated Plaintiffs' 1st amendment rights by conspiring to silence Plaintiffs' using the threat of criminal prosecution. The right to be free from retaliatory action of public officials when a citizen exercises his freedom of speech is clearly established.

Doc. 103 at 3 (citation omitted).

First, Plaintiffs cannot rest on their unverified amended complaint; they must respond with evidence demonstrating a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Second, as a matter of law, Defendant Garcia can only be found liable for his own actions, not those of his employees. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Respondeat superior, or vicarious liability, is unavailable. Id.

Further, qualified immunity on the Second Count is appropriate for several reasons. In light of the undisputed facts, Plaintiffs have not demonstrated that Defendant Garcia committed any acts that violated their constitutional rights. Defendant Garcia did not participate in or have knowledge of any acts that give rise to the alleged constitutional violations set forth in the amended complaint or in their response brief. As noted, he cannot be held liable for § 1983 claims arising out of the conduct of his employees. Finally, Plaintiffs simply have not explained how any cases demonstrate a violation of clearly established law particularized to the facts of this case; a mere statement that "[t]he right to be free from retaliatory action of public officials when a citizen exercises his freedom of speech is clearly established," Doc. 103 at 3, is far too general a formulation. See White v. Pauly, No. 16-67, 2017 WL 69170, at *4 (U.S. Jan. 9, 2017) (per curiam).

Plaintiffs' Third Count is for injunctive relief. To obtain such relief, Plaintiffs must establish "(1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of [injunctive] relief; (3) that the balance of

equities tips in the movant's favor; and (4) that the injunction is in the public interest." RoDa Drilling Co. v. Siegal, 552 F.3d 1203, 1208 (10th Cir. 2009) (citation omitted). Defendant Garcia did no more than forward two letters he received from Plaintiff Gerard. As a matter of law, his conduct does not warrant injunctive relief.

    NOW, THEREFORE, IT IS ORDERED that Defendant Robert Garcia's Motion for Summary Judgment Based in Part on Qualified Immunity filed December 14, 2016 (Doc. 88), is granted.

    DATED this <u>13th</u> day of January 2017, at Santa Fe, New Mexico.

                                          */s/ Paul Kelly, J.*
                                      United States Circuit Judge
                                      Sitting by Designation

Counsel:

Arash "Asher" Kashanian, Albuquerque, New Mexico, for Plaintiffs.

Michael Dickman, Santa Fe, New Mexico, for Defendant Robert Garcia.