IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

|  |  |
|---|---|
| ANDREW ROSS and SUSAN GERARD,<br><br>  Plaintiffs,<br><br>vs.<br><br>HECTOR BALDERAS, JR., ROBERT GARCIA, SARAH MICHAEL SINGLETON, FRANCIS J. MATHEW, RAYMOND Z. ORTIZ, DAVID K. THOMPSON, JENNIFER ATTREP, T. GLENN ELLINGTON, SYLVIA LAMAR, DONITA OLYMPIA SENA, DONNA BEVACQUA-YOUNG, PAT CASADOS, FRANK SEDILLO, WILLIAM PACHECO, ANTONIO GUTIERREZ, ANNA MONTOYA, JUDAH BEN MONTANO, A. ARROYO, E. MONTIJO, MICHELLE PORTILLO, STEPHEN T. PACHECO, JANE GAGNE, JOYCE BUSTOS, LYNN PICKARD, PAMELA REYNOLDS, ROBIN MARTINEZ, ROBERT RICHARDS, BRENDA WALL, AUDREY MONTOYA, and ALLSTATE INSURANCE, INC.,<br><br>  Defendants. | No.   1:16-cv-01121 PJK/SMV |

ORDER GRANTING CITY DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT

THIS MATTER comes on for consideration of the City Defendants' (Santa Fe police officers Judah Ben Montano, A. Arroyo, and E. Montijo) 12(b)(6) Motion to Dismiss Plaintiffs' Amended Complaint filed December 15, 2016.  Doc. 90.  Upon consideration thereof, the Motion is well taken and should be granted.

Background

What began as a landlord-tenant dispute between Plaintiffs Andrew Ross and Susan Gerard (tenants) and Defendant Brenda Wall (landlord), evolved into an 89-page amended complaint alleging two counts (§ 1983 and RICO) against various defendants, including Defendant Wall's attorney, Robert Richards.  In pertinent part, Plaintiffs allege that Defendant Wall made false allegations and/or bribed Santa Fe police officers to assist her in entering the rental property.  Am. Compl. (Doc. 8) ¶ 47.  According to the amended complaint, Defendant Richards directed Wall to use the Santa Fe police "as a tool for harassment, to obstruct justice, and to extort or conspire to extort against Plaintiffs," with Defendant Montano as the "point man."  Id. at ¶ 54.  Supposedly, Defendants Wall and Richards "provided Montano with money, gifts, and/or sexual favors" and joined with Defendant Hector Balderas to facilitate unlawful entry into the rental property.  Id. at ¶¶ 72, 315.

Plaintiffs allege an "incident of police criminal trespass and false imprisonment and severe violation of civil rights" occurred on June 10, 2016, when Defendant Wall appeared at the property with four Santa Fe police officers escorting her.  Id. at ¶ 73.

> The officers demanded to enter Gerard's property, and when Ross refused, they threatened the couple with arrest. Two of the officers, Defendants Arroyo and Montijo, then entered Gerard's residence at 2990 UNAUTHORIZED, without a warrant, without exigent circumstances, and without <u>any</u> justification whatsoever. Gerard and Ross were half dressed when the officers entered, and the officers ordered the two to get dressed but otherwise wouldn't let Gerard and Ross move around inside their own home. Thus the officers held Gerard and Ross captive in their home for a period in excess of half an hour while threatening them with arrest and/or great bodily harm while searching the residence. The officers ordered them not to move, and not to get near Brenda Wall, when in fact, it was Wall who had assaulted Gerard.

<u>Id.</u> As RICO predicate acts, Plaintiffs allege that the City Defendants committed "obstruction of justice, extortion, and conspiring to commit extortion, and aiding and abetting extortion." <u>Id.</u> at ¶¶ 314, 317, 319. They seek injunctive relief to prevent future civil rights violations (Defendant Montano), compensatory damages of $1.776 billion, punitive damages, as well as costs and attorneys' fees. <u>Id.</u> at ¶¶ 429; Prayer at 87, ¶¶ 1, 2(b), 6, 8.

Discussion

Rule 12(b)(6) is an important tool "for weeding out meritless claims." <u>Fifth Third Bancorp v. Dudenhoeffer</u>, 134 S. Ct. 2459, 2471 (2014). A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Although a court is required to take all well-pleaded factual allegations as true in ruling on a motion to dismiss, a court is not required to accept legal conclusions appearing as factual allegations. <u>Wood v. Moss</u>, 134 S. Ct. 2056, 2065 n.5 (2014). Rather, a plaintiff must allege sufficient facts for the court to conclude that the complaint is plausible on its

face, meaning that the complaint creates a reasonable inference that a defendant is responsible for the injury alleged. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). This means moving beyond conceivable or possible to plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678–80 (2009). The Court's understanding of Rule 12(b)(6) is aided by Rule 8(a)(2), which requires "a short and plain statement of the claim" showing entitlement to relief.

A.  Section 1983

Plaintiffs have clarified that they are suing the City Defendants in their official capacities on the § 1983 claims, and in their individual capacities for RICO violations. Doc. 100 at 3. The § 1983 claims must be dismissed against the City Defendants. First, a suit against a municipal or state official in his or her official capacity is a suit against that person's office, and no different than a suit against the governmental entity itself. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). As such, Plaintiffs must allege a municipal custom or policy, and respondeat superior as a basis for liability will not work. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690–91 (1978); see also Pembaur v. City of Cincinnati, 475 U.S. 469, 479–80 (1986).

Second, Plaintiffs, who are represented by counsel, fail to identify the constitutional or federal rights violated in the amended complaint. Of course, § 1983 is not an independent source of substantive rights; it merely creates a remedy for violations of constitutional or statutory rights. Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979). Although Plaintiffs now state that they are bringing illegal entry and false imprisonment

claims based upon the Fourth Amendment and supervisory liability claims against Defendant Montano based upon the Fourteenth Amendment,[1] the court will not allow them to in essence amend the complaint by way of a response to a motion to dismiss. See Jojola v. Chavez, 55 F.3d 488, 494 (10th Cir. 1995) ("It is well-established . . . that in determining whether to grant a motion to dismiss, the district court . . . [is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint."). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676.

B.   Civil RICO

To state a claim under under § 1964(c), Plaintiffs must allege "(1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce. . . . [P]laintiff[s] must [also] allege that [they were] 'injured in [their] business or property by reason of a violation of section 1962.'" Moss v. Morgan Stanley Inc., 719 F.2d 5, 17 (2d Cir. 1983) (quoting 18 U.S.C. §§ 1962(a)-(c), 1964(c) (1976)); see also Dummar v. Lummis, 543 F.3d 614, 620–21 (10th Cir. 2008).  The City

---

[1] Again, the City Defendants are being sued in their official capacities, not individual capacities, so Plaintiffs' discussion of potential supervisory liability of Defendant Montano, see Doc. 100 at 6–7, must rise to the level of a custom or policy of the municipal entity.

Defendants challenged the amended complaint for failing to allege a pattern of racketeering activities, let alone an interstate commerce nexus. Doc. 90 at 13–14. Plaintiffs have responded that the complaint alleges multiple acts of bribery and civil rights violations. Doc. 100 at 8. Of course, this says nothing about the requisite interstate commerce nexus. See Agency Holding Corp. v. Malley-Duff & Assocs., Inc., 483 U.S. 143, 153–54 (1987) (citing 18 U.S.C. §§ 1962(b)–(c)). But regardless, Plaintiffs simply are couching legal conclusions as facts. See Wood, 134 S. Ct. at 2065 n.5. Merely repeating the words "bribery" or "civil rights violations" will not move this amended complaint to the realm of the plausible vis-a-vis the City Defendants.

NOW, THEREFORE, IT IS ORDERED that City Defendants' (Santa Fe police officers Judah Ben Montano, A. Arroyo, and E. Montijo) 12(b)(6) Motion to Dismiss Plaintiffs' Amended Complaint filed December 15, 2016, (Doc. 90) is granted.

DATED this 31st day of January 2017, at Santa Fe, New Mexico.

_____
Paul Kelly, J.
United States Circuit Judge
Sitting by Designation

Counsel:

Arash "Asher" Kashanian, Albuquerque, New Mexico, for Plaintiffs.

Luis Robles and Jordon George, Robles, Rael & Anaya, P.C., Albuquerque, New Mexico, for City Defendants Judah Ben Montano, A. Arroyo, and E. Montijo.