IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| ANDREW ROSS and SUSAN GERARD,<br><br>    Plaintiffs,<br><br>vs.<br><br>HECTOR BALDERAS, JR., ROBERT GARCIA, SARAH MICHAEL SINGLETON, FRANCIS J. MATHEW, RAYMOND Z. ORTIZ, DAVID K. THOMPSON, JENNIFER ATTREP, T. GLENN ELLINGTON, SYLVIA LAMAR, DONITA OLYMPIA SENA, DONNA BEVACQUA-YOUNG, PAT CASADOS, FRANK SEDILLO, WILLIAM PACHECO, ANTONIO GUTIERREZ, ANNA MONTOYA, JUDAH BEN MONTANO, A. ARROYO, E. MONTIJO, MICHELLE PORTILLO, STEPHEN T. PACHECO, JANE GAGNE, JOYCE BUSTOS, LYNN PICKARD, PAMELA REYNOLDS, ROBIN MARTINEZ, ROBERT RICHARDS, BRENDA WALL, AUDREY MONTOYA, and ALLSTATE INSURANCE, INC.,<br><br>    Defendants. | No.    1:16-cv-01121 PJK/SMV |

ORDER GRANTING DEFENDANT PACHECO'S MOTION FOR SUMMARY
JUDGMENT BASED IN PART ON QUALIFIED IMMUNITY AND DENYING
PLAINTIFF ROSS AND GERARD'S MOTIONS FOR VOLUNTARY DISMISSAL
PURSUANT TO RULE 41(a)(2)

THIS MATTER comes on for consideration of Defendant William Pacheco's Motion for Summary Judgment Based in Part on Qualified Immunity filed January 11, 2017. Doc. 118. In resolving this motion, we also consider Plaintiffs Andrew Ross and Susan Gerard's ancillary Motion for Voluntary Dismissal Pursuant to Rule 41(a)(2) filed January 26, 2017 (Doc. 130), and their Corrected Motion for Voluntary Dismissal Pursuant to Rule 41(a)(2) filed January 26, 2017 (Doc. 131).[1] Upon consideration thereof, Defendant Pacheco's motion for summary judgment is well taken and should be granted, while Plaintiffs' motions for voluntary dismissal are not well taken and should be denied.

Summary judgment is appropriate if the movant demonstrates that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Local Rule 56.1(b) requires the movant to file a memorandum containing a concise statement of all of the material facts as to which the movant contends no genuine issue exists. The rule also provides that the response of the non-movant "<u>must</u> contain a concise statement of the material facts cited by the movant as to which the non-movant contends a genuine issue does exist." D.N.M. LR-Civ.

---

[1] Plaintiffs have not filed a reply to Defendant Pacheco's response (Doc. 134) and the time has run to do so. D.N.M. LR-Civ. 7.1(b) provides that "[t]he failure to file and serve a reply in support of a motion within the time prescribed for doing so constitutes consent that briefing on the motion is complete." Plaintiffs also have not filed a notice of completion of briefing as required by D.N.M. LR-Civ. 7.4(e); however, the court presumes the briefing is complete. Had Plaintiffs obtained an extension of time to reply from Defendant Pacheco, it was incumbent upon them to inform the court. See D.N.M. LR-Civ. 7.4(a).

56.1(b) (emphasis added). "All material facts set forth in the Memorandum will be deemed undisputed unless specifically controverted." Id.

Here, Defendant Pacheco complied and included a concise statement of all of the material facts as to which he contends no genuine dispute exists. Plaintiffs Andrew Ross and Susan Gerard, however, did not adequately respond. Missing is a concise statement of the material facts as to which they contend a genuine dispute does exist. See Doc. 132. Accordingly, all material facts set forth by Defendant Pacheco will be deemed undisputed. Fed. R. Civ. P. 56(e)(2); D.N.M. LR-Civ. 56.1(b).

The undisputed facts indicate that Defendant Pacheco is the Captain of the Santa Fe County Sheriff's Department and refutes Plaintiffs' allegations. Suffice it to say that Defendant Pacheco never met either Plaintiff or Defendant Brenda Wall's attorney, Robert Richards. And he only met Defendant Wall once, when he directed her to a deputy to take a report from her. He spoke briefly to Plaintiffs' attorney when he called, and generated a packet of documents for the County Attorney to review after Sheriff Garcia forwarded a letter from Plaintiff Gerard threatening litigation. Defendant Pacheco strongly denies acting at the behest of any Defendant, let alone being offered anything for any untoward activity directed at Plaintiffs. In fact, he finds the accusations "defamatory and personally offensive." Doc. 118 ¶¶ 22, 24.

In light of these undisputed, material facts, Defendant Pacheco is entitled to summary judgment on the First, Second, and Third Counts of the First Amended Complaint (Doc. 8). Fed. R. Civ. P. 56(e)(2).

The First Count is brought under 18 U.S.C. § 1964(c), the Racketeer Influenced and Corrupt Organizations Act ("civil RICO"). To prevail under § 1964(c), Plaintiffs must show "(1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce. . . . [P]laintiff[s] must [also] allege that [they were] 'injured in [their] business or property by reason of a violation of section 1962.'" Moss v. Morgan Stanley Inc., 719 F.2d 5, 17 (2d Cir. 1983) (quoting 18 U.S.C. §§ 1962(a)-(c), 1964(c) (1976)); see also Dummar v. Lummis, 543 F.3d 614, 620–21 (10th Cir. 2008). Defendant Pacheco did not participate in or have knowledge of any acts that give rise to the alleged racketeering set forth in the amended complaint. Therefore, as a matter of law, his conduct cannot constitute a violation of 18 U.S.C. § 1964(c).

The Second Count is brought under 42 U.S.C. § 1983. It is unclear whether Plaintiffs are pursuing Defendant Pacheco in his official capacity, individual capacity, or both. As noted, Plaintiffs lack a factual predicate for either because they cannot rest on their unverified amended complaint; they must respond with evidence demonstrating a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Moreover, a suit against a municipal or state official in his or her official capacity is a suit against that person's office, and is no different than a suit against the governmental entity itself. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). As such, Plaintiffs must allege a municipal custom or policy, and respondeat superior as a

basis for liability will not work.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690–91 (1978); see also Pembaur v. City of Cincinnati, 475 U.S. 469, 479–80 (1986).  This they have not done.

To the extent Plaintiffs are suing Defendant Pacheco in his individual capacity, he has asserted the defense of qualified immunity.  Thus, Plaintiffs must allege facts to demonstrate a violation of a constitutional right and demonstrate that it was clearly established at the time of the actions at issue.  Pearson v. Callahan, 555 U.S. 223, 232 (2009).  In their amended complaint, Plaintiffs have failed to identify the specific rights involved, and in their response to this motion, they have not addressed either element of qualified immunity.  Accordingly, Plaintiffs have not explained how any cases demonstrate a violation of clearly established law particularized to the facts of this case.  Qualified immunity is appropriate.

Plaintiffs' Third Count is for injunctive relief.  To obtain such relief, Plaintiffs must establish "(1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of [injunctive] relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest." RoDa Drilling Co. v. Siegal, 552 F.3d 1203, 1208 (10th Cir. 2009) (citation omitted).  From the foregoing, it is enough to say that Plaintiffs have no substantive claims warranting relief; hence, they cannot establish the first element.

Plaintiffs request that the court grant their motion to dismiss Defendant Pacheco in lieu of deciding this summary judgment motion.  See Fed. R. Civ. P. 41(a)(2).  In

exercising its discretion, the court considers "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." Cty. of Santa Fe v. Public Serv. Co. of N.M., 311 F.3d 1031, 1048 (10th Cir. 2002) (quoting Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997)). These factors are not exhaustive. Id. Indeed, "factors that are 'unique to the context of the case' must also be considered." Id. (quoting Ohlander, 144 F.3d at 1537).

Here, Defendant Pacheco has invested considerable time and expense answering the amended complaint and moving for summary judgment, and wants summary judgment given the inflammatory allegations in the amended complaint. Moreover, Defendant Pacheco is concerned about impairing his eventual claim for attorney's fees after accepting a voluntary dismissal with prejudice. Doc. 134 at 4–5; see Vanguard Envt'l Inc. v. Kerin, 528 F.3d 756, 760 (10th Cir. 2008). Although Plaintiffs maintain that dismissal is appropriate because they are no longer pursuing their RICO claims, civil rights claims against Defendant Pacheco remain. See, e.g., Doc. 8 ¶¶ 405–07. The court will exercise its discretion to deny the motions for voluntary dismissal.

NOW, THEREFORE, IT IS ORDERED that Defendant William Pacheco's Motion for Summary Judgment Based in Part on Qualified Immunity filed January 11, 2017 (Doc. 118) is granted;

IT IS FURTHER ORDERED that Plaintiffs Andrew Ross and Susan Gerard's Motion and Corrected Motion for Voluntary Dismissal Pursuant to Rule 41(a)(2) filed January 26, 2017 (Docs. 130, 131) are denied.

DATED this 15th day of February 2017, at Santa Fe, New Mexico.

*Paul Kelly Jr.*
United States Circuit Judge
Sitting by Designation

Counsel:

Arash "Asher" Kashanian, Albuquerque, New Mexico, for Plaintiffs.

Michael Dickman, Santa Fe, New Mexico, for Defendant William Pacheco.