IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| ANDREW ROSS and SUSAN GERARD,<br><br>    Plaintiffs,<br><br>vs.<br><br>HECTOR BALDERAS, JR., ROBERT GARCIA, SARAH MICHAEL SINGLETON, FRANCIS J. MATHEW, RAYMOND Z. ORTIZ, DAVID K. THOMPSON, JENNIFER ATTREP, T. GLENN ELLINGTON, SYLVIA LAMAR, DONITA OLYMPIA SENA, DONNA BEVACQUA-YOUNG, PAT CASADOS, FRANK SEDILLO, WILLIAM PACHECO, ANTONIO GUTIERREZ, ANNA MONTOYA, JUDAH BEN MONTANO, A. ARROYO, E. MONTIJO, MICHELLE PORTILLO, STEPHEN T. PACHECO, JANE GAGNE, JOYCE BUSTOS, LYNN PICKARD, PAMELA REYNOLDS, ROBIN MARTINEZ, ROBERT RICHARDS, BRENDA WALL, AUDREY MONTOYA, and ALLSTATE INSURANCE, INC.,<br><br>    Defendants. | No.    1:16-cv-01121 PJK/SMV |

ORDER DENYING PLAINTIFFS' OPPOSED MOTION FOR EXTENSION OF TIME
TO RESPOND TO DEFENDANTS ANNA MONTOYA AND ANTONIO
GUTIERREZ'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER comes on for consideration of Plaintiffs' Opposed Motion for Extension of Time to Respond to Defendants Anna Montoya and Antonio Gutierrez's Motion for Summary Judgment, filed February 14, 2017.  Doc. 143.  Upon consideration thereof, Plaintiffs' motion is not well taken and should be denied.

On February 7, 2017, Defendants Montoya and Gutierrez filed a motion for summary judgment based in part on qualified immunity.  Doc. 142.  Plaintiffs' response is due by February 21, 2017 — 14 calendar days after service of the motion — unless the parties agree to an extension or one is granted by the court.  See D.N.M. LR-Civ. 7.4(a).  On February 14, 2017, Plaintiffs filed a motion for an extension of time to respond (Doc. 143), which Defendants Montoya and Gutierrez oppose (Doc. 145).

A court may, for good cause, exercise its discretion by granting a party's motion to extend the time for a response.  Fed. R. Civ. P. 6(b)(1)(A).  Plaintiffs contend that a 30-day extension is warranted for several reasons.  First, they indicate that their counsel has a large workload and had to prepare for a trial set for February 9, 2017.  Doc. 143 ¶ 4.  Second, Plaintiffs state that their counsel has been working on a motion to amend the complaint, which they believe will resolve many of the objections raised in Defendants Montoya and Gutierrez's motion for summary judgment.  Id. ¶¶ 4, 6.  Third, Plaintiffs argue that the decision of Defendants Montoya and Gutierrez's attorney not to file the motion for summary judgment until after filing Defendants Robert Garcia's and William Pacheco's motions for summary judgment demonstrates that Defendants Montoya and Gutierrez would not be prejudiced by an extension of time.  Id. ¶ 5.  Fourth, Plaintiffs

state that Plaintiff Andrew Ross had been visiting family during the two weeks prior to Plaintiffs' motion for an extension, and that he is not available to record an affidavit within the current time frame.  Id. ¶ 7.  Fifth, Plaintiffs assert that the interests of justice would be served by granting the extension, because Plaintiffs would be better able to present their case and respond adequately to the summary judgment motion.  Id. ¶ 8.  Finally, Plaintiffs indicate that they notified the court on October 24, 2016, that Plaintiffs' counsel would be unavailable from January 7–20, 2017.  Doc. 150 (citing Doc. 15 ¶ 1).

Plaintiffs, however, have not established good cause to justify the extension.  Plaintiffs explain that they only intend to pursue a cause of action against Defendants Montoya and Gutierrez under § 1983.  As suggested by these Defendants, Plaintiffs can concede as to the claims seeking civil RICO and injunctive relief, and only defend against summary judgment on the civil rights claims under § 1983.  Doc. 145 at 3.  Plaintiffs know the facts and counsel should be well versed in the legal standards on the remaining claims.  Fourteen days is ample time to respond with affidavits.  Additionally, Plaintiffs' counsel's workload and preparation for a trial scheduled for February 9 does not establish good cause, nor does the fact that Plaintiffs provided notice of non-availability of Plaintiffs' counsel **for hearings** from January 7–20, 2017.

Given the serious allegations made against them, Defendants Montoya and Gutierrez understandably seek an expeditious resolution of the case.  Summary judgment is designed to resolve factually and legally unsupported claims.  Plaintiffs have now filed an opposed motion to file a second amended complaint recognizing the lack of specificity

concerning their constitutional claims.  Doc. 149 (filed Feb. 19, 2017).   But this defect was made known to Plaintiffs at least as early as January 13, 2017, when this court dismissed the claims against Defendant Garcia, in part, on that basis.  Doc. 121 at 5.  Accordingly, it should be no surprise to Plaintiffs that Defendants Montoya and Gutierrez, among others, would file a motion on those grounds.  That time has come, and Plaintiffs have not established good cause to demonstrate why an extension of time to respond to that motion should be granted.

NOW, THEREFORE, IT IS ORDERED that Plaintiffs' Opposed Motion for Extension of Time to Respond to Defendants Anna Montoya and Antonio Gutierrez's Motion for Summary Judgment, filed February 14, 2017, (Doc. 143) is denied.

DATED this 21st day of February 2017, at Santa Fe, New Mexico.

/s/ Paul Kelly Jr.
United States Circuit Judge
Sitting by Designation

Counsel:

Arash "Asher" Kashanian, Albuquerque, New Mexico, for Plaintiffs.

Michael Dickman, Santa Fe, New Mexico, for Defendants Anna Montoya and Antonio Gutierrez.