IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

_____

ANDREW ROSS and SUSAN GERARD,

     Plaintiffs,

vs.                                                                              No.     1:16-cv-01121 PJK/SMV

HECTOR BALDERAS, JR., ROBERT
GARCIA, SARAH MICHAEL
SINGLETON, FRANCIS J. MATHEW,
RAYMOND Z. ORTIZ, DAVID K.
THOMPSON, JENNIFER ATTREP, T.
GLENN ELLINGTON, SYLVIA
LAMAR, DONITA OLYMPIA SENA,
DONNA BEVACQUA-YOUNG, PAT
CASADOS, FRANK SEDILLO,
WILLIAM PACHECO, ANTONIO
GUTIERREZ, ANNA MONTOYA,
JUDAH BEN MONTANO, A. ARROYO,
E. MONTIJO, MICHELLE PORTILLO,
STEPHEN T. PACHECO, JANE
GAGNE, JOYCE BUSTOS, LYNN
PICKARD, PAMELA REYNOLDS,
ROBIN MARTINEZ, ROBERT
RICHARDS, BRENDA WALL,
AUDREY MONTOYA, and ALLSTATE
INSURANCE, INC.,

     Defendants.

_____

ORDER GRANTING DEFENDANT GUTIERREZ AND
DEFENDANT MONTOYA'S MOTION FOR SUMMARY JUDGMENT BASED IN
PART ON QUALIFIED IMMUNITY

_____

THIS MATTER comes on for consideration of Defendant Antonio Gutierrez and Defendant Anna Montoya's Motion for Summary Judgment Based in Part on Qualified Immunity filed February 7, 2017.  Doc. 142.  Upon consideration thereof, Defendant Gutierrez and Defendant Montoya's motion is well taken and should be granted.

Summary judgment is appropriate if the movant demonstrates that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  Local Rule 56.1(b) requires the movant to file a memorandum containing a concise statement of all of the material facts as to which the movant contends no genuine issue exists.  The rule also provides that the response of the non-movant "must contain a concise statement of the material facts cited by the movant as to which the non-movant contends a genuine issue does exist."  D.N.M. LR-Civ. 56.1(b).  "Each fact in dispute must be numbered, must refer with particularity to those portions of the record upon which the non-movant relies, and must state the number of the movant's fact that is disputed."  Id.  "All material facts set forth in the Memorandum will be deemed undisputed unless specifically controverted."  Id.

Here, Defendant Gutierrez and Defendant Montoya complied and included a concise statement of all of the material facts as to which they contend no genuine dispute exists.  Plaintiffs Andrew Ross and Susan Gerard, however, did not adequately respond. While Plaintiffs assert that there are genuine issues of material fact that preclude summary judgment, they failed to comply with the requirements of Local Rule 56.1(b) as set forth above.  Missing is a numbered list of the facts in dispute that reference the

corresponding number of the movant's fact that they assert is undisputed.  <u>See</u> Doc. 152.

Accordingly, because the material facts set forth by Defendants Montoya and Gutierrez

are not specifically controverted, they will be deemed undisputed.  Fed. R. Civ. P.

56(e)(2); D.N.M. LR-Civ. 56.1(b).

The undisputed facts indicate that Defendant Gutierrez and Defendant Montoya

are Deputy Sheriffs employed by the Santa Fe County Sheriff's Department.  On June 6,

2016, Defendant Montoya was on duty and was instructed to take a report from Brenda

Wall.  Wall reported that she was involved in an eviction proceeding with her tenants,

Plaintiffs Ross and Gerard, and that Plaintiffs had sent her threatening emails and

voicemails.  She stated that she wanted criminal charges filed against Plaintiff Ross based

on voicemail messages she received from him on April 17 and April 19, 2016.  Wall

provided copies of the emails and voicemails.  Defendant Montoya reported the contents

of the voicemails as follows.

Plaintiff Ross stated, among other things, "you will never see the inside of this

house again," "[y]ou're going to jail," "[y]ou are insane and I'm also having Susan[, a

mental health counselor,] file a motion to have you committed," and that Wall and her

lawyer, Defendant Robert Richards, are "both going to lose every penny you have."  Doc.

142 Ex. A1, at 2.  Plaintiff Ross referred to Defendant Richards as "Robert Richards that

Kike," stating "I am going to call the two of you the Kike and Dyke" show.  <u>Id.</u>  Based on

this evidence, Defendant Montoya concluded that probable cause existed to charge

Plaintiff Ross with the misdemeanor of "Use of Telephone to Terrify, Intimidate,

Threaten, Harass, Annoy or Offend" in violation of N.M. Stat. Ann. § 30-20-12. Plaintiff Ross was summoned into court. Defendant Montoya also called Plaintiff Ross and then Plaintiff Gerard to tell them to cease contacting Wall and to instead contact the Sheriff's Office or Wall's attorney to contact Wall in the future.

On July 21, 2016, Defendant Gutierrez was on duty and was instructed to take another report from Wall. Wall stated that Plaintiffs Ross and Gerard continued to email her after the criminal charge had been filed against Plaintiff Ross. The emails from Plaintiff Gerard stated, in part, "I will spend whatever is necessary to bankrupt you," and "[y]ou and [your attorney] are going in the dock no matter what it takes." Doc. 142 Ex. b1, at 1, 4. The emails from Plaintiff Ross stated, in part, "[y]ou are clearly the most depraved, evil and mentally ill person that I have EVER encountered in my entire life," and "I promise to stay in contact with you on a regular basis since I don't do things to people behind their backs. I guess that's a LBGT thing." Id. at 2, 3. Based on this evidence, Defendant Gutierrez concluded that probable cause existed to charge both Plaintiffs with the misdemeanor of "Harassment" in violation of N.M. Stat. Ann. § 30-3A-2. Plaintiffs were summoned into court.

In their response, Plaintiffs concede the First and Third Counts of the First Amended Complaint (Doc. 9), seeking civil RICO and injunctive relief. Doc. 152, at 2. Therefore, the court only need address whether Defendants Gutierrez and Montoya are entitled to summary judgment on the Second Count.

The Second Count is brought under 42 U.S.C. § 1983.  It is unclear whether Plaintiffs are pursuing Defendants Gutierrez and Montoya in their official capacities, individual capacities, or both.  A suit against a municipal or state official in his or her official capacity is a suit against that person's office, and is no different than a suit against the governmental entity itself.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).  As such, Plaintiffs must allege a municipal custom or policy.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690–91 (1978).  This they have not done.

To the extent Plaintiffs are suing Defendants Gutierrez and Montoya in their individual capacities, these defendants have raised qualified immunity.  Thus, Plaintiffs must allege facts to show a violation of a constitutional right and demonstrate that it was clearly established at the time of the actions at issue.  Pearson v. Callahan, 555 U.S. 223, 232 (2009).  Typically, to be clearly established, a preexisting Supreme Court or Tenth Circuit decision, or the weight of authority from other circuits, must make it apparent to a reasonable officer that the nature of his or her conduct is unlawful.  Thomas v. Durastanti, 607 F.3d 655, 669 (10th Cir. 2010).  Such precedent must have put the question of the reasonableness of the officer's conduct "beyond debate."  Mullenix v. Luna, 136 S. Ct. 305, 308 (2015) (quoting Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011)).  If Plaintiffs fail to meet their burden as to either element, qualified immunity must be granted.  See id.

Although Plaintiffs' first amended complaint failed to identify the specific rights involved, they now assert that Defendants Gutierrez and Montoya violated their First Amendment right to be free from retaliatory action for their speech "by attempting to

silence Plaintiffs under threat of a criminal complaint, without any legal authority to do so whatsoever." Doc. 152, at 3. Plaintiffs assert that Defendants Gutierrez and Montoya repeatedly called them to tell them to cease communicating with Wall. Id. at 4–6. Although Plaintiffs contend that these are disputes of material fact, even accepting Plaintiffs' assertions as true, summary judgment is proper.

First, as the Supreme Court noted in Reichle v. Howards, 566 U.S. 658, 665 (2012), Plaintiffs' general right to be free from retaliation for one's speech is too broad of a proposition. "[T]he right allegedly violated must be established . . . in a particularlized sense so that the contours of the right are clear to a reasonable official." Id. (internal quotations and citations omitted). In Reichle, "the right in question [was] . . . the more specific right to be free from retaliatory [action] that is otherwise supported by probable cause." Id.

Here, Defendants Montoya and Gutierrez assert that the voicemails and emails Wall presented demonstrated that probable cause existed to charge Plaintiffs with the aforementioned misdemeanors. Doc. 142 ¶¶ 5, 23. In their response, Plaintiffs do not challenge the existence of probable cause. Although a dispute over probable cause might be a jury question in some cases, a court should decide whether there was probable cause if there is no genuine issue of material fact. Keylon v. City of Albuquerque, 535 F.3d 1210, 1215 (10th Cir. 2008). Here, Plaintiffs do not dispute sending Wall the emails and voicemails at issue, nor the contents therein, and none of the facts recounted in the

response of Defendant Ross's affidavit vitiate probable cause.  Doc. 152 at 8–9 & Attach.

1.  Accordingly, the issue is one of law.

Probable cause exits if the facts and circumstances known to the officer (and reasonably believed to be trustworthy) are sufficient to lead a prudent person to believe that a particular person has committed the offense.  Johnson v. Lindon City Corp., 405 F.3d 1065, 1068 (10th Cir. 2005).  In the qualified immunity context, an officer need only have arguable probable cause, an objectively reasonable basis (even if mistaken) for the probable cause determination.  A.M. v. Holmes, 830 F.3d 1123, 1139 (10th Cir. 2016).

N.M. Stat. Ann. § 30-20-12 makes it unlawful for a person, "with intent to terrify, intimidate, threaten, harass, annoy or offend, to telephone another and use any obscene, lewd or profane language[,] . . . or threaten to inflict injury or physical harm to the person or property of any person."  Plaintiff Ross left a voicemail replete with epithets based upon sexual orientation and religion, threatened both Wall and Richards with financial ruin and (false) imprisonment, and threatened to have Wall committed.  Doc. 142 Ex. A1, at 2.  Considering the totality of the circumstances, a reasonable officer could certainly conclude that Defendant Ross intended to terrify, intimidate, threaten, and harass Wall.

N.M. Stat. § 30-3A-2 criminalizes "knowingly pursuing a pattern of conduct that is intended to annoy, seriously alarm or terrorize another person and that serves no lawful purpose," and "would cause a reasonable person to suffer substantial emotional distress."  Wall reported feeling harassed by Plaintiffs' threatening emails that she reported to have received from mid-March to late July.  In these emails, Plaintiff Gerard threatened to

-7-

"spend whatever is necessary to bankrupt" Wall and told Wall that she and her attorney "are going to the dock no matter what it takes," while Plaintiff Ross called Wall "clearly the most depraved, evil and mentally ill person that [he had] EVER encountered in [his] entire life" and promised to continue contacting her on a regular basis.  Doc. 142 Ex. b1, at 1–4.

Notwithstanding the absence of further investigation that Plaintiffs maintain was necessary, see Doc. 152, at 6–7, in light of these voicemails and emails, a reasonable officer certainly could conclude that the offenses at issue had been committed by the Plaintiffs.  This is true notwithstanding the fact that the government refused to prosecute at least the criminal charges Defendant Gutierrez filed against Plaintiffs, see id. at 6, as the subsequent dismissal of the charges has no effect on the determinations of probable cause, see Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978) (explaining that prosecutors have the discretion whether to bring charges, even when probable cause exists).  Accordingly, as in Reichle, this court must determine whether a First Amendment retaliatory action claim may lie despite the existence of probable cause to support the actions of the officers in question, and whether clearly established law at the time of the officers' conduct so held.  Cf. 566 U.S. at 665.  Defendants Montoya and Gutierrez must be granted qualified immunity if the answer to either question is "no."  See id. at 663.

Plaintiffs, however, have failed to demonstrate that their First Amendment rights were violated.  To state a claim for violation of the First Amendment under § 1983 for a retaliatory criminal prosecution for the exercise of free speech, Plaintiffs must plead and

-8-

prove the absence of probable cause for the underlying criminal charges.  Hartman v. Moore, 547 U.S. 250, 265–66 (2006).  But, as noted above, Plaintiffs have not alleged an absence of probable cause, let alone challenged the ample undisputed facts demonstrating probable cause.  Although Plaintiffs claim that the officers were somehow attempting to silence them, peace officers, in an effort to promote compliance with the law, may warn individuals about perceived non-compliance with the law, short of arrest and prosecution. See, e.g., Sloman v. Tadlock, 21 F.3d 1462, 1469 (9th Cir. 1994).

Plaintiffs have also failed to prove that the law was clearly established in their favor at the time of the Defendants' conduct.  They contend the right to be free from retaliatory action was clearly established in light of the Tenth Circuit's decision in Lackey v. County of Bernalillo, No. 97-2265, 1999 WL 2461 (10th Cir. Jan. 5, 1999) (unpublished).  As a preliminary matter, the Tenth Circuit has held that an unpublished opinion provides little to no support for an argument that a right was clearly established. Green v. Post, 574 F.3d 1294, 1305 n.10 (10th Cir. 2009); Mecham v. Frazier, 500 F.3d 1200, 1206 (10th Cir. 2007).  Moreover, the Tenth Circuit's unpublished decision in Lackey — the sole decision upon which Plaintiffs rely — does not demonstrate that Defendants Gutierrez and Montoya violated a clearly established right.  Indeed, it demonstrates the opposite, and certainly provides no apparent warning that the officers' conduct here would be unlawful.  See White v. Pauly, 137 S. Ct. 548, 552 (2017) (per curiam).

In <u>Lackey</u>, the Tenth Circuit affirmed the grant of qualified immunity to a law enforcement officer who contacted the sheriff's dispatcher and asked her to notify the police that the plaintiff's neighbor had complained repeatedly that the plaintiff had threatened him and pointed weapons at him and others in the neighborhood at least once. <u>Lackey</u>, 1999 WL 2461 at *1, *4. The court concluded that the defendant-officer had provided an objectively reasonable explanation for his decision to contact the police to request an investigation into the plaintiff's conduct, because he had good reason that the plaintiff posed a danger to his neighbors. <u>Id.</u> at *4. Similarly here, as discussed above, the nature and substance of Plaintiffs' voicemails and emails to Wall provided Defendants Montoya and Gutierrez with good reason to believe that Plaintiffs were violating N.M. Stat. Ann. §§ 30-20-12, 30-3A-2.

Because Plaintiffs have failed to demonstrate the violation of a constitutional right in contravention of clearly established law, Defendants Montoya and Gutierrez are entitled to qualified immunity on Plaintiffs' § 1983 claim asserting a violation of their First Amendment rights.

To the extent Plaintiffs also argue that Defendants Montoya and Gutierrez violated their Fourteenth Amendment right to be free from malicious prosecution, <u>see</u> Doc. 152 at 5–7, the officers are also entitled to qualified immunity on this claim. A § 1983 malicious prosecution claim requires proof that the defendant initiated or maintained a proceeding against the plaintiff without probable cause, and that the plaintiff was seized. <u>Nielander v. Bd. of Cty. Comm'rs</u>, 582 F.3d 1155, 1164–65 (10th Cir. 2009). As discussed above,

Defendants Montoya's and Gutierrez's actions were supported by probable cause. Further, the issuance of a criminal summons does not constitute a seizure. Id. at 1165. Plaintiffs therefore have not shown a violation of a constitutional right. Accordingly, qualified immunity is appropriate on this claim as well.

Plaintiffs also argue that a ruling on summary judgment should be denied due to a lack of discovery or, alternatively, stayed resolving discovery. They contend that discovery is needed to determine, for example, Defendants' motives in calling Plaintiffs and filing criminal complaints, why Defendants did not question Plaintiffs, and how many phone calls were made and when. Even putting aside that Plaintiffs failed to allege an absence of probable cause, and have not complied with Fed. R. Civ. P. 56(d) in seeking discovery, subjective intent is irrelevant to the question of probable cause. See Wren v. United States, 517 U.S. 806, 813 (1996). Because Plaintiffs' proposed discovery would have no effect on the probable-cause analysis above, Defendants' motion should not be denied or stayed for discovery reasons. See Jones v. City & Cty. of Denver, 854 F.2d 1206, 1211 (10th Cir. 1988).

Finally, Plaintiffs contend that this ruling should be stayed until the resolution of Plaintiffs' motion for leave to file a second amended complaint. Plaintiffs' sole argument is that the proposed second amended complaint cures the defect regarding the lack of specificity regarding which constitutional provisions Defendants are alleged to have violated. While that very well may be, that does not address Plaintiffs' failure to allege, let alone support, the absence of arguable probable cause, which is necessary for a claim

against Defendants Montoya and Gutierrez in their individual capacities.  As noted, the material facts are not in dispute, and disputes about immaterial facts do not preclude summary judgment.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).  It also does not address Plaintiffs' failure to allege a municipal policy or custom, which is necessary for a claim against Defendants Montoya and Gutierrez in their official capacities.  Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997); Monell, 436 U.S. at 690–91.

NOW, THEREFORE, IT IS ORDERED that Defendant Antonio Gutierrez and Defendant Anna Montoya's Motion for Summary Judgment Based in Part on Qualified Immunity filed February 7, 2017, (Doc. 142) is granted.

DATED this 16th day of March 2017, at Santa Fe, New Mexico.

_Paul Kelly J._
United States Circuit Judge
Sitting by Designation

Counsel:

Arash "Asher" Kashanian, Albuquerque, New Mexico, for Plaintiffs.

Michael Dickman, Santa Fe, New Mexico, for Defendant Antonio Gutierrez and Defendant Anna Montoya.