# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ANDREW ROSS and SUSAN GERARD,

      Plaintiffs,

vs.

                                No.     1:16-cv-01121 PJK/SMV

HECTOR BALDERAS, JR., ROBERT GARCIA, SARAH MICHAEL SINGLETON, FRANCIS J. MATHEW, RAYMOND Z. ORTIZ, DAVID K. THOMPSON, JENNIFER ATTREP, T. GLENN ELLINGTON, SYLVIA LAMAR, DONITA OLYMPIA SENA, DONNA BEVACQUA-YOUNG, PAT CASADOS, FRANK SEDILLO, WILLIAM PACHECO, ANTONIO GUTIERREZ, ANNA MONTOYA, JUDAH BEN MONTANO, A. ARROYO, E. MONTIJO, MICHELLE PORTILLO, STEPHEN T. PACHECO, JANE GAGNE, JOYCE BUSTOS, LYNN PICKARD, PAMELA REYNOLDS, ROBIN MARTINEZ, ROBERT RICHARDS, BRENDA WALL, AUDREY MONTOYA, and ALLSTATE INSURANCE, INC.,

      Defendants.

## ORDER GRANTING DEFENDANT ROBERT RICHARDS'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER comes on for consideration of Defendant Robert Richards's Motion for Summary Judgment filed February 27, 2017.  Doc. 153.  Upon consideration thereof, the motion is well taken and should be granted.

Plaintiffs Andrew Ross and Susan Gerard brought suit against Defendant Richards for relief under 18 U.S.C. § 1964(c) ("civil RICO") and for injunctive relief.  Doc. 8 ¶¶ 238–47; Prayer at 88, ¶ 3b.  Defendant Richards seeks summary judgment, arguing that the facts are undisputed and that the burden of proof cannot be met at trial.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

Summary judgment is appropriate if the movant demonstrates that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  Local Rule 56.1(b) requires the movant to file a memorandum containing a concise statement of all of the material facts as to which the movant contends no genuine issue exists.  The rule also provides that the response of the non-movant "must contain a concise statement of the material facts cited by the movant as to which the non-movant contends a genuine issue does exist."  D.N.M.LR-Civ. 56.1(b) (emphasis added).  "All material facts set forth in the Memorandum will be deemed undisputed unless specifically controverted."  Id.

Here, Defendant Richards complied and included a concise statement of all of the material facts as to which he contends no genuine dispute exists.  Plaintiff Andrew Ross, however, did not adequately respond.  Missing is a concise statement of the material facts as to which a genuine dispute exists.  See Doc. 162.  Accordingly, all material facts set

forth by Defendant Richards will be deemed undisputed.  Fed. R. Civ. P. 56(e)(2);

D.N.M.LR-Civ. 56.1(b).

The undisputed facts indicate that  Defendant Richards is a lawyer who served as

counsel to Brenda Wall during the associated landlord-tenant dispute with Plaintiff Ross

and his late partner, Susan Gerard.  Defendant Richards never advised Wall to harass or

extort Plaintiffs, never conspired with anyone to rig the eviction proceeding against

Plaintiffs or to harass or extort Plaintiffs, and never committed obstruction of justice,

bribery, extortion, conspiring to commit extortion, or aiding and abetting extortion as

alleged.  He is not a lead conspirator or otherwise involved in any alleged criminal

enterprise.  Accordingly, there is no factual basis for the claims.

In his motion, Defendant Richards further argued that Plaintiffs cannot establish

the elements of civil RICO.  Doc. 153 at 26.  To state a claim under § 1964(c), a plaintiff

must allege "(1) that the defendant (2) through the commission of two or more acts (3)

constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or

maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which

affect interstate or foreign commerce. . . . [The] plaintiff must [also] allege that he was

'injured in his business or property by reason of a violation of section 1962.'"  Moss v.

Morgan Stanley Inc., 719 F.2d 5, 17 (2d Cir. 1983) (quoting 18 U.S.C. §§ 1962(a)-

(c), 1964(c) (1976)); see also Dummar v. Lummis, 543 F.3d 614, 620–21 (10th Cir.

2008).  Plaintiff Ross failed to challenge both Defendant Richards's legal argument on

-3-

this point and his contention that there is no basis for injunctive relief, <u>see</u> Doc. 153 at 27.
Accordingly, these points are conceded.

Prior to Defendant Richards's motion, Plaintiffs had indicated that they were no longer interested in pursuing their claims under civil RICO and for injunctive relief against certain defendants.  <u>See, e.g.</u>, Doc. 152 at 2.  Plaintiff Ross's response to the instant motion indicates that these defendants include Defendant Richards: "It should also be readily apparent that the remaining Plaintiff still has no interest in litigating against Mr. Richards, given that the Motion for Leave to File the Second Amended Complaint does not include Mr. Richards as a party."  Doc. 162 ¶ 4.  That may be the case, but absent a dismissal with prejudice of Defendant Richards, the court will decide the motion.

NOW, THEREFORE, IT IS ORDERED that Defendant Robert Richards's Motion for Summary Judgment filed February 27, 2017, (Doc. 153) is granted.

DATED this <u>16th</u> day of March 2017, at Santa Fe, New Mexico.

_United States Circuit Judge_
Sitting by Designation


Counsel:

Arash "Asher" Kashanian, Albuquerque, New Mexico, for Plaintiff Ross.

Robert Richards, Santa Fe, New Mexico, pro se.