IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| ANDREW ROSS and SUSAN GERARD,<br><br>    Plaintiffs,<br><br>vs.<br><br>HECTOR BALDERAS, Jr., ROBERT GARCIA, SARAH MICHAEL SINGLETON, FRANCIS J. MATHEW, RAYMOND Z. ORTIZ, DAVID K. THOMPSON, JENNIFER ATTREP, T. GLENN ELLINGTON, SYLVIA LAMAR, DONITA OLYMPIA SENA, DONNA BEVACQUA-YOUNG, PAT CASADOS, FRANK SEDILLO, WILLIAM PACHECO, ANTONIO GUTIERREZ, ANNA MONTOYA, JUDAH BEN MONTANO, A. ARROYO, E. MONTIJO, MICHELLE PORTILLO, STEPHEN T. PACHECO, JANE GAGNE, JOYCE BUSTOS, LYNN PICKARD, PAMELA REYNOLDS, ROBIN MARTINEZ, ROBERT RICHARDS, BRENDA WALL, AUDREY MONTOYA, and ALLSTATE INSURANCE, INC.,<br><br>    Defendants. | No.    1:16-cv-01121 PJK/SMV |

ORDER ON VARIOUS MOTIONS FILED BY DEFENDANT ROBERT RICHARDS
AND PLAINTIFFS ANDREW ROSS AND SUSAN GERARD REGARDING
SANCTIONS


THIS MATTER comes on for consideration of various pending motions filed by Defendant Robert Richards and Plaintiffs Andrew Ross and Susan Gerard regarding sanctions. Upon consideration thereof, the motions are not well taken and should be denied.

First, the court considers Defendant Robert Richards's Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition, filed January 19, 2017. Doc. 125. This court referred the issue of sanctions (arising from Plaintiffs' unsuccessful request for preliminary injunctive relief) to the magistrate judge upon a formal motion by Defendant Richards. Doc. 77. Defendant Richards then filed two motions for attorneys' fees and sanctions. Docs. 80, 86. The magistrate judge recommended that Defendant Richards's motions be denied. Doc. 113.

When a party objects to the magistrate's recommendations, this court reviews the matters underlying those objections de novo. See Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1462 (10th Cir. 1988). Defendant Richards argues that no case law supports the magistrate judge's finding that, under Fed. R. Civ. P. 11, Plaintiffs must have had an opportunity to withdraw or correct the challenged filings. He argues that this court's requirement that he file a formal motion for sanctions obviated the need for such a prerequisite. According to Defendant Richards, a pro-se attorney may be awarded attorney's fees as part of a sanctions award regardless of whether he has incurred such fees. He further objects to the magistrate judge's finding that he waived his argument that the court should award sanctions pursuant to its inherent authority by not raising it until

his reply brief.  The court rejects these objections for substantially the same reasons provided the magistrate judge's proposed findings and recommended disposition and will adopt those proposed findings and recommended disposition.

Second, the court considers Defendant Richards's notices of withdrawal of his motions for attorney's fees and sanctions, filed January 10 and 11, 2017.  Docs. 114, 119. "Withdrawal requires consent of all other parties or approval of the Court."  D.N.M. LR-Civ. 7.7.  Plaintiffs, however, have not consented to the withdrawals, e.g., Doc. 117, and the court declines to approve Defendant Richards's attempt to withdraw the motions that were the basis of the magistrate judge's proposed findings and disposition and Defendant Richards's subsequent objections.  Defendant Richards has his ruling and cannot erase it. The notices of withdrawal are ineffective.

Third, on the same note, the court considers Defendant Robert Richards's Motion for Sanctions Pursuant to the Court's Inherent Powers, filed January 20, 2017.  Doc. 127. The court will adopt the proposed findings and recommended disposition of the magistrate judge, who concluded Defendant Richards has waived his inherent-authority argument.  Defendant Richards cannot resuscitate this argument given the magistrate's conclusion that it was procedurally barred in the earlier proceedings conducted by the magistrate judge.  Accordingly, his motion is denied.

Fourth, and finally, the court considers Plaintiffs Ross and Gerard's Motion for Rule 11 Sanctions Against Defendant Richards, filed December 30, 2016.  Doc. 105. Plaintiffs contend that Defendant Richards failed to comply with Rule 11 and its safe

harbor provision when Defendant Richards filed his initial motion for sanctions. Although the failure to comply with Rule 11 contributed to the denial of Defendant Richards's motions for sanctions, his arguments (including non-Rule 11 positions) were not frivolous given the stage of the proceedings.  Fed. R. Civ. P. 11(b)(2).  Thus, Plaintiffs' motion is denied.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, and DECREED that:

(1) Defendant Robert Richards's Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition, filed January 19, 2017 (Doc. 125) are overruled.

(2) The Proposed Findings and Recommended Disposition of the Magistrate Judge, filed January 10, 2017 (Doc. 113) are adopted.

(3) Defendant Robert Richards's Motion for Attorney Fees and Sanctions, filed December 4, 2016 (Doc. 80), and Defendant Robert Richards's Corrected Motion for Attorney Fees and Sanctions December 6, 2016 (Doc. 86), may not be withdrawn and are denied.

(4) Defendant Robert Richards's Motion for Sanctions Pursuant to the Court's Inherent Powers, filed January 20, 2017 (Doc. 127) is denied.

(5) Plaintiffs Ross and Gerard's Motion for Rule 11 Sanctions Against Defendant Robert Richards, filed December 30, 2016 (Doc. 105) is denied.

DATED this <u>20th</u> day of March 2017, at Santa Fe, New Mexico.

                                        */s/ Paul Kelly, Jr.*
                                      United States Circuit Judge
                                      Sitting by Designation

Counsel:

Arash "Asher" Kashanian, Albuquerque, New Mexico, for Plaintiffs.

Robert Richards, Santa Fe, New Mexico, pro se.