IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREW ROSS and SUSAN GERARD,

     Plaintiffs,

vs.

HECTOR BALDERAS, JR., ROBERT
GARCIA, SARAH MICHAEL
SINGLETON, FRANCIS J. MATHEW,
RAYMOND Z. ORTIZ, DAVID K.
THOMPSON, JENNIFER ATTREP, T.
GLENN ELLINGTON, SYLVIA
LAMAR, DONITA OLYMPIA SENA,
DONNA BEVACQUA-YOUNG, PAT
CASADOS, FRANK SEDILLO,
WILLIAM PACHECO, ANTONIO
GUTIERREZ, ANNA MONTOYA,
JUDAH BEN MONTANO, A. ARROYO,
E. MONTIJO, MICHELLE PORTILLO,
STEPHEN T. PACHECO, JANE
GAGNE, JOYCE BUSTOS, LYNN
PICKARD, PAMELA REYNOLDS,
ROBIN MARTINEZ, ROBERT
RICHARDS, BRENDA WALL,
AUDREY MONTOYA, and ALLSTATE
INSURANCE, INC.,

     Defendants.

--------------------------

PAMELA REYNOLDS and ROBERT
RICHARDS,

     Counter-Claimants,

vs.

No.     1:16-cv-01121 PJK/SMV

ANDREW ROSS and SUSAN GERARD,

    Counter-Defendants.

---

## ORDER DENYING PLAINTIFFS' AMENDED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

---

THIS MATTER comes on for consideration of Plaintiffs' Amended Motion for Leave to File Second Amended Complaint filed March 20, 2017. Doc. 172. Upon consideration thereof, the motion is not well taken and should be denied.

As an initial matter, the title of Plaintiffs' new complaint is somewhat of a misnomer. Plaintiffs filed their initial complaint on October 10, 2016 (Doc. 1), and amended it once as a matter of course on October 12, 2016 (Doc. 8). Plaintiffs then filed a Motion for Leave to File a Second Amended Complaint on February 19, 2017 (Doc. 149), which this court denied as futile (Doc. 178). In March, over five months after filing the initial complaint, Plaintiffs filed the instant motion (Doc. 172), characterizing the attachment as a "second amended complaint" (Doc. 172-1). However, this new complaint differs significantly from Plaintiffs' first proposed second amended complaint, as it drops two defendants and changes the legal theory underlying Plaintiffs' claims. Accordingly, Plaintiffs' newly proposed complaint is more aptly a third amended complaint. Cf. Marucci Sports, L.L.C. v. NCAA, 751 F.3d 368, 373 (5th Cir. 2014)

(characterizing the complaint attached to plaintiff's motion to amend its second amended complaint as a third amended complaint).

Although Federal Rule of Civil Procedure 15(a) provides that leave to amend should be liberally granted, a court may deny such a motion for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962). Denial of leave to amend is also appropriate "when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, [or] to present theories seriatim in an effort to avoid dismissal." Minter v. Prime Equip. Co., 451 F.3d 1196, 1206 (10th Cir. 2006) (internal quotation marks and citations omitted). This is precisely what Plaintiffs have done.

Plaintiffs moved for leave to file their third amended complaint after five Defendants argued that Plaintiffs' motion for leave to file their *second* amended complaint should be denied as futile. Plaintiffs asserted claims against Defendants in their official capacities without alleging any municipal custom or policy that violated Plaintiffs' constitutional rights — an essential element of an official-capacity claim. See Doc. 160 at 3–5; Doc. 159 at 2–3. The proposed third amended complaint now alleges *individual*-capacity claims against Defendants A. Arroyo and E. Montijo. Doc. 172-1 ¶ 1.

This court has repeatedly explained what an official capacity claim requires and granted motions to dismiss or for summary judgment accordingly. <u>See</u> Doc. 137 at 4; Doc. 144 at 4–5; Doc. 168 at 5, 12. Defendants Arroyo and Montijo have argued this point successfully not once, but twice. Docs. 137 (granting Defendants Arroyo and Montijo's motion to dismiss), 178 (denying Plaintiffs' motion for leave to file a second amended complaint). Needless to say, Plaintiffs' repeated failure to cure this deficiency (until now) weighs against granting leave to file the third amended complaint. <u>Cf.</u> <u>Foman</u>, 371 U.S. at 182. Just as a client would not expect a lawyer to advance indisputably meritless legal theories in light of the pertinent facts, a lawyer should not expect his adversaries to respond to a stream of amended complaints that do not fix obvious problems.

Further, denial of leave to amend was warranted in a case where a plaintiff waited eight months after the original complaint and over five months after a prior amended complaint to assert a theory he chose not to advance until his original theory had been dismissed. <u>Pallottino v. City of Rio Rancho</u>, 31 F.3d 1023, 1027 (10th Cir. 1994). There, the court held that "untimeliness alone [is] a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay." <u>Id.</u> (internal quotation marks and citation omitted). Similarly here, Plaintiffs waited over five months to amend their complaint to assert a theory they chose not to advance until their original, conspiracy-based theories had been dismissed. Moreover, Plaintiffs have not put forth any explanation for the delay, let alone an adequate one, despite Plaintiffs'

knowledge of the facts underlying their new theory at the time they filed the original complaint.  See, e.g., Doc. 8 ¶ 73.  This, too, warrants denying Plaintiffs' motion.

NOW, THEREFORE, IT IS ORDERED that the Plaintiffs' Amended Motion for Leave to File Second Amended Complaint filed March 20, 2017, (Doc. 172) is denied.

DATED this 18th day of April 2017, at Santa Fe, New Mexico.

_Paul Kelly J._

United States Circuit Judge
Sitting by Designation

Counsel:

Arash "Asher" Kashanian, Albuquerque, New Mexico, for Plaintiffs.

Michael Dickman, Santa Fe, New Mexico, for Defendants Antonio Gutierrez and Anna Montoya.

Luis Robles and Jordon George, Robles, Rael & Anaya, P.C., Albuquerque, New Mexico, for City Defendants A. Arroyo, and E. Montijo.