IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREW ROSS and SUSAN GERARD,

    Plaintiffs,

v.                                                                       No. 16-cv-1121 PJK/SMV

HECTOR BALDERAS, JR., ROBERT GARCIA,
SARAH MICHAEL SINGLETON,
FRANCIS J. MATHEW, RAYMOND Z. ORTIZ,
DAVID K. THOMPSON, JENNIFER ATTREP,
T. GLENN ELLINGTON, SYLVIA LAMAR,
DONITA OLYMPIA SENA,
DONNA BEVACQUA-YOUNG, PAT CASADOS,
FRANK SEDILLO, WILLIAM PACHECO,
ANTONIO GUTIERREZ, ANNA MONTOYA,
JUDAH BEN MONTANO, JOHN DOES 1–2,
MICHELLE PORTILLO, STEPHEN T. PACHECO,
JANE GAGNE, JOYCE BUSTOS, LYNN PICKARD,
PAMELA REYNOLDS, ROBIN MARTINEZ,
ROBERT RICHARDS, BRENDA WALL,
AUDREY MONTOYA, ALLSTATE INSURANCE, INC.,
A. ARROYO, and E. MONTIJO,

    Defendants,

and

PAMELA REYNOLDS,

    Counterclaimant,

v.

ANDREW ROSS and SUSAN GERARD,

    Counter-defendants.[1]

---

[1] All the claims and counterclaims have been dismissed. *See* [Docs. 8, 69, 76, 81, 91, 112, 121, 137, 144, 168, 169, 174, 188]. All that remains are several motions for fees. *See* [Docs. 87, 126, 155, 158, 175, 177]. Plaintiff's counsel has moved to substitute Plaintiff/Counter-defendant Susan Gerard with her estate because she has passed away, but the motion is opposed and remains pending. *See* [Docs. 187, 192].

## ORDER FOR SUPPLEMENTAL BRIEFING

THIS MATTER is before me on several motions for attorney fees and sanctions, [Docs. 87, 126, 155, 158, 175, 177], as referred by the Honorable Paul J. Kelly, Jr., United States Circuit Judge, who is presiding in this case, [Doc. 191]. All the motions request monetary awards pursuant to 43 U.S.C. § 1988, 28 U.S.C. § 1927, and the Court's inherent authority.

Under § 1988, attorney fees can only be awarded to a defendant who prevails on civil rights claims that are "frivolous, unreasonable, or without foundation." *Clajon Prod. Corp. v. Petera*, 70 F.3d 1566, 1581 (10th Cir. 1995) (quoting *Hughes v. Rowe*, 449 U.S. 5, 14 (1980)). Whereas under § 1927, "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

Most of the movants had hoped the Court would resolve first whether fees were warranted at all. Then, if the movants were successful, they had hoped to litigate the *amount* of the fees at that time. Although such a two-step process may be permissible, the Court declines to review the evidence piecemeal. The Court will require each movant to present evidence of the amount and reasonableness of the fees requested, and to specify the amount of fees requested under each individual source of authority, e.g., § 1988, § 1927.[2]

In general, "[t]o determine the reasonableness of a fee request, a court must begin by calculating the so-called 'lodestar amount' of a fee, and a claimant is entitled to the presumption

---

[2] Defendant Garcia's original Application for Award of Attorney's Fees [Doc. 126] includes evidence of the amount and reasonableness of the fees he requests, as well as a specific amount requested under each source of authority. Accordingly, Defendant Garcia may elect to rely on his original Application, or he may file a supplemental brief. The choice is his.

that this lodestar amount reflects a 'reasonable' fee." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar is "'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate,' which produces a presumptively reasonable fee that may in rare circumstances be adjusted to account for the presence of special circumstances." *Anchondo v. Anderson, Crenshaw & Assoc., LLC*, 616 F.3d 1098, 1102 (10th Cir. 2010) (quoting *Hensley v. Ekerhart*, 461 U.S. 424, 433 (1983), and *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 543–44 (2010)). "The party requesting attorney fees bears the burden of proving" the two components used to calculate the fee award: (i) "the amount of hours spent on the case;" and (ii) "the appropriate hourly rates." *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1233 (10th Cir. 2000). Once the Court makes these two determinations, the fee "claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee." *Robinson*, 160 F.3d at 1281; *see Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996). The party entitled to fees must provide the district court with sufficient information to evaluate prevailing market rates. *See Lippoldt v. Cole*, 468 F.3d 1204, 1225 (10th Cir. 2006)).

Moreover, the party must also demonstrate that the rates are similar to rates for similar services by "lawyers of reasonably comparable skill, experience, and reputation" in the relevant community and for similar work. *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *see Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1255–56 (10th Cir. 1998). Only if the district court does not have adequate evidence of prevailing market rates for attorney's fees, may it, "in its discretion, use other relevant factors, including its own knowledge, to establish the rate." *Case*, 157 F.3d at 1257; *see also United Phosphorus*, 205 F.3d at 1234 (A court abuses its discretion when its "decision makes no reference to the evidence presented by either party on prevailing

market rate[,]" and its rate decision is based solely on the court's "own familiarity with the relevant rates in this community.").

**IT IS THEREFORE ORDERED** that supplemental briefs be filed by the movants no later than **May 17, 2017**. *See* [Docs. 87, 126, 155, 158, 175, 177]. If Plaintiffs wish to respond, each such response is due within **14 days** of the filing of each respective supplemental brief. The scope of any such response is limited to the evidence and arguments presented in the respective supplemental brief.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**