IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

| | |
|---|---|
| ANDREW ROSS and SUSAN GERARD, | |
| Plaintiffs, | No. 1:16-cv-01121 PJK/SMV |
| vs. | |
| HECTOR BALDERAS, JR., ROBERT GARCIA, SARAH MICHAEL SINGLETON, FRANCIS J. MATHEW, RAYMOND Z. ORTIZ, DAVID K. THOMPSON, JENNIFER ATTREP, T. GLENN ELLINGTON, SYLVIA LAMAR, DONITA OLYMPIA SENA, DONNA BEVACQUA-YOUNG, PAT CASADOS, FRANK SEDILLO, WILLIAM PACHECO, ANTONIO GUTIERREZ, ANNA MONTOYA, JUDAH BEN MONTANO, A. ARROYO, E. MONTIJO, MICHELLE PORTILLO, STEPHEN T. PACHECO, JANE GAGNE, JOYCE BUSTOS, LYNN PICKARD, PAMELA REYNOLDS, ROBIN MARTINEZ, ROBERT RICHARDS, BRENDA WALL, AUDREY MONTOYA, and ALLSTATE INSURANCE, INC., | |
| Defendants. | |
| ------------------------- | |
| PAMELA REYNOLDS and ROBERT RICHARDS, | |
| Counter-Claimants, | |
| vs. | |

ANDREW ROSS and SUSAN GERARD,

    Counter-Defendants.

---

ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM COURT ORDER DENYING PLAINTIFFS' AMENDED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

---

THIS MATTER comes on for consideration of Plaintiff Andrew Ross's "Rule 60(b) Motion for Relief From Court Order Denying Plaintiffs' Amended Motion for Leave to File Second Amended Complaint" filed May 5, 2017. Doc. 196. Upon consideration thereof, the motion is not well taken and should be denied without a hearing.

As a preliminary matter, the court determines that Plaintiff's "Rule 60(b) Motion" is more aptly a motion under Fed. R. Civ. P. 59(e). Although Rules 59(e) and 60(b) both allow a litigant to challenge an adverse ruling, the rules are distinct and principally depend on when the motion is served. Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). If a motion is served within the time period specified by Rule 59(e), then the motion is construed as a Rule 59(e) motion, even if the motion is styled under Rule 60(b). Campbell v. Bartlett, 975 F.2d 1569, 1580 n.15 (10th Cir. 1992). The time period specified by Rule 59(e) is 28 days. Plaintiff's May 5 motion (Doc. 196) challenges an order this court filed on April 18 (Doc. 188). Because Plaintiff's motion

was filed 17 days after this court's entry of judgment, the motion was filed within the period specified by Rule 59(e) and will be construed as a motion made under Rule 59(e).[1]

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence," Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997), or when "the court has misapprehended the facts, a party's position, or the controlling law," Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not an opportunity to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." Id.

Plaintiff raises several arguments in support of his motion for reconsideration. He asserts counsel's failure to file an appropriate motion is attributable to excusable neglect based on counsel's "unforeseen personal problems" concerning a disciplinary investigation into counsel's conduct in the instant litigation. Doc. 196, at 3–4. Plaintiff also contends that this court erred in ruling on the first motion for leave when that motion had been amended and in relying upon the dismissal of the first motion when dismissing the ostensibly-amended motion at issue here. He further argues that the attempts to amend the complaint did not add new theories or demonstrate an intent to create a moving target to avoid dismissal, and that the interests of justice favor allowing the claims to proceed.

These arguments, however, are unavailing. First, counsel's engagement with other matters does not rise to the level of excusable neglect. Cf. McLaughlin v. City of

---

[1] This distinction, however, does not materially affect the disposition of this motion.

LaGrange, 662 F.2d 1385, 1387 (11th Cir. 1981). Second, Plaintiff's characterization that the second motion for leave to file an amended complaint (Doc. 172) "amended" Plaintiffs' first motion (Doc. 149) is not accurate. Although it is true that the second motion is titled "Plaintiff's Amended Motion for Leave to File Second Amended Complaint," the pleading, as corroborated by the docket entry, is really a "Second Motion to Amend/Correct the Amended Complaint." Because the substance of the motion addresses amending Plaintiffs' complaint, not Plaintiffs' prior motion, and the first motion was never withdrawn, this court determined that the two motions were really two distinct attempts to amend Plaintiffs' amended complaint[2] and proceeded accordingly — working on a first-in, first-out basis. The court therefore finds that resolving each motion and noting the resolution of the first when dismissing the second was not in error. Moreover, this court identified untimeliness as an independent reason to deny Plaintiffs' second motion, Doc. 188, at 4 — a rationale that Plaintiff does not appear to dispute. Finally, Plaintiff's remaining arguments essentially revisit issues previously considered and dismissed by this court when the original motion was briefed and ruled upon and, consequently, need not be addressed further. See Van Skiver, 952 F.2d at 1243. A hearing on this motion is unnecessary. Although no Defendant responded (which

---

[2] This determination, though not explicit in this court's prior order, is readily implied from this court's explanation that the second motion was more aptly a motion for leave to file a third amended complaint. See Doc. 188, at 2; see also id. at 3 (characterizing the second motion as one "for leave to file [Plaintiffs'] third amended complaint").

constitutes consent to grant the motion, D.N.M. LR-Civ. 7.1(b)), there is no legal basis for granting this motion.

NOW, THEREFORE, IT IS ORDERED that:

(1) Plaintiff's Rule 60(b) Motion for Relief From Court Order Denying Plaintiffs' Amended Motion for Leave to File Second Amended Complaint filed May 5, 2017 (Doc. 196) is denied, and

(2) Plaintiff's Request for Hearing on Plaintiff's Rule 60(b) Motion for Relief From Court Order Denying Plaintiffs' Amended Motion for Leave to File Second Amended Complaint filed May 21, 2017 (Doc. 210) is denied.

DATED this 25th day of May 2017, at Santa Fe, New Mexico.

/s/ Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation

Counsel:

Arash "Asher" Kashanian, Albuquerque, New Mexico, for Plaintiffs.