IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

|  |  |
|---|---|
| ANDREW ROSS and SUSAN GERARD,<br><br>    Plaintiffs,<br><br>vs.<br><br>HECTOR BALDERAS, JR., ROBERT GARCIA, SARAH MICHAEL SINGLETON, FRANCIS J. MATHEW, RAYMOND Z. ORTIZ, DAVID K. THOMPSON, JENNIFER ATTREP, T. GLENN ELLINGTON, SYLVIA LAMAR, DONITA OLYMPIA SENA, DONNA BEVACQUA-YOUNG, PAT CASADOS, FRANK SEDILLO, WILLIAM PACHECO, ANTONIO GUTIERREZ, ANNA MONTOYA, JUDAH BEN MONTANO, A. ARROYO, E. MONTIJO, MICHELLE PORTILLO, STEPHEN T. PACHECO, JANE GAGNE, JOYCE BUSTOS, LYNN PICKARD, PAMELA REYNOLDS, ROBIN MARTINEZ, ROBERT RICHARDS, BRENDA WALL, AUDREY MONTOYA, and ALLSTATE INSURANCE, INC.,<br><br>    Defendants.<br><br>--------------------------<br><br>PAMELA REYNOLDS and ROBERT RICHARDS,<br><br>    Counter-Claimants,<br><br>vs. | No.    1:16-cv-01121 PJK/SMV |

ANDREW ROSS and SUSAN GERARD,

    Counter-Defendants.

ORDER ON VARIOUS PENDING MOTIONS RELATED TO SUBSTITUTION

    THIS MATTER comes on for consideration of (1) Plaintiff's Motion for Substitution of Party Pursuant to FRCP Rule 25(a)(1) filed April 16, 2017 (Doc. 187), (2) Andrew Ross's Suggestion of Death and Pro Se Motion to Substitute Party filed May 15, 2017 (Doc. 200), and (3) Plaintiffs' Motion to Withdraw Motion to Substitute Party filed May 17, 2017 (Doc. 204). Upon consideration thereof, the court will grant the motion to withdraw the counseled motion to substitute, and will defer action on the suggestion of death and motion to substitute to allow the Estate to obtain counsel.

    Defendant Balderas contends that Plaintiff Andrew Ross may not appear through counsel and also appear pro se. Doc. 208. Plaintiff Ross argues that the Estate of Susan Gerard is a separate legal entity. In certain limited circumstances, courts have allowed personal representatives to appear pro se, specifically when the personal representative was the sole beneficiary of the estate and there were no claims of creditors. E.g., Rodgers v. Lancaster Police & Fire Dep't, 819 F.3d 205, 210–11 (5th Cir. 2016); Guest v. Hansen, 603 F.3d 15, 17 (2d Cir. 2010). The rationale is that the personal representative is really representing his or her own interests as sole beneficiary without any creditors. It is not apparent from Mr. Ross's motion whether there are any other beneficiaries; but this court

takes judicial notice of the docket sheet of the Bernalillo County Probate Court (Estate of Susan Helene Gerard, Case No. 2017-0255, filed Mar. 31, 2017 at http://www.bernco.gov/probate-court/case-lookup.aspx), which indicates that while Plaintiff Ross has been informally appointed as personal representative, there is a pending claim against the Estate by Defendant Brenda Wall. See Fed. R. Evid. 201(b) (judicial notice). Thus, even assuming that Plaintiff Ross could prove that he is the sole beneficiary and there were no other claims of creditors, he may not represent the Estate pro se.

NOW, THEREFORE, IT IS ORDERED that:

(1) Plaintiffs' Motion to Withdraw Motion to Substitute Party filed May 17, 2017 (Doc. 204), is granted and Plaintiff's Motion for Substitution of Party Pursuant to FRCP 25(1)(1) filed April 16, 2017 (Doc. 187) is withdrawn;

(2) disposition of Plaintiff Ross's Suggestion of Death and Pro Se Motion to Substitute Party filed May 15, 2017 (Doc. 200) is deferred pending Plaintiff Ross obtaining counsel to represent the Estate.

DATED this 25th day of May 2017, at Santa Fe, New Mexico.

Paul Kelly J.
United States Circuit Judge
Sitting by Designation

Counsel:

Arash "Asher" Kashanian, Albuquerque, New Mexico, for Plaintiffs.

Ari Biernoff, Assistant Attorney General, Santa Fe, New Mexico, for Defendant Hector Balderas, Jr.