IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

ANDREW ROSS and SUSAN GERARD,

    Plaintiffs,

vs.

HECTOR BALDERAS, JR., ROBERT GARCIA, SARAH MICHAEL SINGLETON, FRANCIS J. MATHEW, RAYMOND Z. ORTIZ, DAVID K. THOMPSON, JENNIFER ATTREP, T. GLENN ELLINGTON, SYLVIA LAMAR, DONITA OLYMPIA SENA, DONNA BEVACQUA-YOUNG, PAT CASADOS, FRANK SEDILLO, WILLIAM PACHECO, ANTONIO GUTIERREZ, ANNA MONTOYA, JUDAH BEN MONTANO, A. ARROYO, E. MONTIJO, MICHELLE PORTILLO, STEPHEN T. PACHECO, JANE GAGNE, JOYCE BUSTOS, LYNN PICKARD, PAMELA REYNOLDS, ROBIN MARTINEZ, ROBERT RICHARDS, BRENDA WALL, AUDREY MONTOYA, and ALLSTATE INSURANCE, INC.,

    Defendants.

No.   1:16-cv-01121 PJK/SMV

---

PAMELA REYNOLDS and ROBERT RICHARDS,

    Counter-Claimants,

vs.

ANDREW ROSS and SUSAN GERARD,

　　Counter-Defendants.

ORDER GRANTING DEFENDANTS JUDAH BEN MONTANO, A. ARROYO, AND E. MONTIJO'S (CITY DEFENDANTS') MOTION FOR ATTORNEY'S FEES AND COSTS

　　THIS MATTER comes on for consideration of Defendants Judah Ben Montano, A. Arroyo, and E. Montijo's ("the City Defendants") Motion for Attorney's Fees and Costs Under 42 U.S.C. § 1988, Court's Inherent Authority, and 28 U.S.C. § 1927, filed March 2, 2017. Doc. 158. Upon consideration thereof, the motion is well taken and should be granted.

　　This court referred the issue of attorney's fees to the magistrate judge upon formal motions by various Defendants. Doc. 191. Entering separate recommendations on the motions for attorney's fees, the magistrate judge recommended that attorney's fees be granted to the City Defendants and indicated that the deadline for objection was July 26, 2017. Doc. 237.

　　The magistrate judge focused his findings on the lack of factual support for the allegations made by Plaintiffs Andrew Ross and Susan Gerard, while acknowledging that the parties addressed "the many, repeated legal shortcomings of Plaintiffs' filings in this case." Doc. 237 at 10. This court recognizes that sanctions against an attorney are not available under § 1988. Steinert v. Winn Grp., Inc., 440 F.3d 1214, 1222 (10th Cir.

-2-

2006). The court also recognizes that sanctions under § 1927 apply to multiplication of the proceedings, not the initiation of the proceedings. Id. at 1224–26. Sanctions against Plaintiffs' counsel of record, Arash Kashanian, are warranted under the court's inherent authority not only for his initiation and continuation of the proceedings, but also his multiplication of the proceedings after the amended complaint. For example, the court explained that official capacity claims required a municipal custom or policy, yet Mr. Kashanian persisted in filing a second amended complaint with the same defect identified by the court previously. See Doc. 188 at 4 ("Just as a client would not expect a lawyer to advance indisputably meritless legal theories in light of the pertinent facts, a lawyer should not expect his adversaries to respond to a stream of amended complaints that do not fix obvious problems."). The court is in complete agreement with the magistrate judge that Mr. Kashanian demonstrated a complete lack of care in filing and pursuing many claims in the lawsuit, which resulted in an abuse of legal process justifying fees pursuant to the court's inherent authority (as well as under § 1927 for actions taken after the complaint).

Plaintiff Ross filed pro se objections on July 19, 2017 (Doc. 241), and Mr. Kashanian filed an objection on Plaintiff Ross's behalf on July 26, 2017 (Doc. 246).[1] Those are the only objections timely filed. Plaintiff Ross's pro se objections focus principally on the attorney's fees awarded Defendant Hector Balderas. Doc. 241.

---

[1] Mr. Kashanian has filed a motion to withdraw as attorney for Plaintiff Ross. Doc. 231. That motion is under advisement. Under the circumstances, the court will consider the objections made by Plaintiff Ross pro se as well as those made on his behalf by counsel.

Counsel urges the court to rely upon his client's pro se objections, arguing that he has a conflict in representing his client because he, too, has been found responsible for attorney's fees. Doc. 246. Alternatively, he lodges a blanket objection on behalf of his client to any and all attorney's fees awarded. Id.

Given timely objections to the magistrate judge's recommendations, this court reviews the matters underlying those objections de novo. See 28 U.S.C. § 636(b)(1); Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1462 (10th Cir. 1988); see also Fed. R. Civ. P. 54(d)(2)(D), 72(b)(3). However, objections must be specific to preserve the issue for review. United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, and Contents, Known As: 2121 E. 30th St., Tulsa, Okla., 73 F.3d 1057, 1061 (10th Cir. 1996). Insofar as Plaintiff Ross is concerned, the only objection that is arguably specific pertains to Defendant Balderas, not the City Defendants. Accordingly, review has been waived. Alternatively, the objection is without merit. Plaintiff Ross fares no better with the "blanket objection" lodged by his attorney on his behalf. As for Mr. Kashanian, he has not objected to the magistrate judge's report and recommendation vis-a-vis attorney's fees for these Defendants and therefore has waived review.[2]

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, and DECREED that:

---

[2] The court notes that Mr. Kashanian has objected to the magistrate judge's recommended disposition regarding other defendants seeking attorney's fees. Docs. 247–48. Because those objections refer specifically to the magistrate judge's recommendations as to other defendants, not the City Defendants, this court finds that Mr. Kashanian has raised no objections to the recommendation that the City Defendants be awarded attorney's fees.

(1) Plaintiff Andrew Ross's Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition, filed July 19, 2017 (Doc. 241) are overruled.

(2) Counsel Arash Kashanian's Objection on Behalf of Plaintiff Ross to the Magistrate Judge's Proposed Findings and Recommended Disposition, filed July 26, 2017 (Doc. 246) is overruled.

(3) The Proposed Findings and Recommended Disposition of the Magistrate Judge regarding Defendants Judah Ben Montano, A. Arroyo, and E. Montijo, filed July 12, 2017 (Doc. 237) are adopted.

(4) Defendants Judah Ben Montano, A. Arroyo, and E. Montijo's Motion for Attorney's Fees and Costs Under 42 U.S.C. § 1988, Court's Inherent Authority, and 28 U.S.C. § 1927, filed March 2, 2017 (Docs. 158 & 202), is granted. Defendants Montano, Arroyo, and Montijo are awarded attorney's fees in the total amount of $17,177.50, plus interest, with half to be paid by Plaintiffs and half by counsel, Mr. Kashanian, personally.

DATED this 28th day of July 2017, at Santa Fe, New Mexico.

          *Paul Kelly J.*
United States Circuit Judge
Sitting by Designation

Counsel:

Andrew Ross, pro se.

Arash Kashanian, Albuquerque, New Mexico, for Plaintiff Andrew Ross.

Luis Robles and Jordon George, Robles, Rael & Anaya, P.C., Albuquerque, New Mexico, for City Defendants Judah Ben Montano, A. Arroyo & E Montijo.