IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

ANDREW ROSS and SUSAN GERARD,

     Plaintiffs,

vs.

HECTOR BALDERAS, JR., ROBERT
GARCIA, SARAH MICHAEL
SINGLETON, FRANCIS J. MATHEW,
RAYMOND Z. ORTIZ, DAVID K.
THOMPSON, JENNIFER ATTREP, T.
GLENN ELLINGTON, SYLVIA
LAMAR, DONITA OLYMPIA SENA,
DONNA BEVACQUA-YOUNG, PAT
CASADOS, FRANK SEDILLO,
WILLIAM PACHECO, ANTONIO
GUTIERREZ, ANNA MONTOYA,
JUDAH BEN MONTANO, A. ARROYO,
E. MONTIJO, MICHELLE PORTILLO,
STEPHEN T. PACHECO, JANE
GAGNE, JOYCE BUSTOS, LYNN
PICKARD, PAMELA REYNOLDS,
ROBIN MARTINEZ, ROBERT
RICHARDS, BRENDA WALL,
AUDREY MONTOYA, and ALLSTATE
INSURANCE, INC.,

     Defendants.

--------------------------

PAMELA REYNOLDS and ROBERT
RICHARDS,

     Counter-Claimants,

vs.

No. 1:16-cv-01121 PJK/SMV

ANDREW ROSS and SUSAN GERARD,

      Counter-Defendants.

---

## ORDER ON VARIOUS MOTIONS FOR ATTORNEY'S FEES AND SANCTIONS

THIS MATTER comes on for consideration of various pending motions filed by Defendants Hector Balderas (Docs. 87 & 205), Robert Garcia (Doc. 126), William Pacheco (Docs. 155 & 201), Antonio Gutierrez and Anna Montoya (Docs. 177 & 201), Robert Richards (Docs. 175 & 206), and Plaintiff Andrew Ross (Doc. 219) regarding attorney's fees or sanctions. Upon consideration thereof, Defendants Balderas's, Pacheco's, as well as Gutierrez and Montoya's motions are well taken and should be granted. Defendant Garcia's motion is well taken in part and thus should be granted in part and denied in part. Defendant Richards and Plaintiff Ross's motions, however, are not well taken and should be denied. The court also will deny Plaintiff Ross's motion for leave to file a sur-reply to Mr. Richards's amended affidavit of costs. Doc. 218.

### Background

Plaintiffs Andrew Ross and Susan Gerard's claims arise from a landlord-tenant dispute in state court, where Plaintiffs incurred a series of adverse rulings. Thereafter, Plaintiffs, through their attorney, Arash Kashanian, brought suit in federal court, filing an 89-page complaint with over 452 paragraphs. The complaint asserted claims against 30 defendants under 18 U.S.C. § 1964(c) and 42 U.S.C. § 1983, as well as sought injunctive

and declaratory relief. Defendants included ten active state court judges; a retired state-court judge; the New Mexico Attorney General; several members of the Santa Fe County Sheriff's Department and the Santa Fe Police Department; the chief clerks of the Santa Fe County Magistrate Court and First Judicial District Court; members of the New Mexico Judicial Standards Commission and the Disciplinary Board; the claims manager for the New Mexico Association of Counties; Plaintiffs' former neighbor; Plaintiffs' former landlord; the landlord's attorney, Robert Richards, and his paralegal; and Allstate Insurance.

The complaint described three conspiracies, one characterized as a "Lesbian Sisterhood," another likened to the "Cosa Nostra,"[1] and a third referred to as the "Criminal Enterprise." Filled with ad hominem attacks, the complaint alleged that the "Lesbian Sisterhood" consists of lesbian judges who conspired together to cover up judicial misconduct and "to ensure that any lesbian[']s rights are held above all others." Doc. 8, ¶ 146. As for the "Cosa Nostra," according to the complaint, "the entire county of Santa Fe is being run as a crime syndicate," id. ¶ 153, "whose acting *consigliere* is [Attorney General] Balderas," id. ¶ 151. The complaint further alleged that the "Lesbian Sisterhood" and the "Cosa Nostra" acted in concert with the "Criminal Enterprise," led by Defendant Richards, to obstruct justice and deprive Plaintiffs of their rights in myriad

---

[1] "Cosa Nostra," or "Our Thing," is a reference to the Mafia. Indeed, Plaintiffs further likened this alleged conspiracy to the depictions of the Mafia "in the *Godfather* films, the *Goodfellas* movie, and[,] more recently, the *Sopranos* HBO Series." Doc. 8, ¶ 153. They alleged it is known as "Nuestra Familia" in New Mexico. Id. ¶ 151.

ways.  Plaintiff sought compensatory damages in the amount of $1.776 billion, in addition to costs and attorney's fees.  Id. at 87, 89 (prayer for relief).

Plaintiffs' complaint, though lengthy to a fault, see Fed. R. Civ. P. 8(a), and steeped in a conspiratorial view of life, is notably silent as to a factual basis for these claims, let alone a legal basis.  And that silence has persisted notwithstanding the many defense motions that have pointed out these defects.  Not surprisingly, many of the defendants filed motions to dismiss in lieu of answers, and Plaintiffs voluntarily dismissed many defendants from the litigation.  The remaining defendants prevailed on motions for summary judgment or motions to dismiss.

As the substantive motions regarding the claims have all been disposed of, this court turns to the parties' disputes regarding the awards of attorney's fees.  The court previously awarded attorney's fees to the City Defendants (Montano, Arroyo, and Montijo) upon proposed findings and a recommended disposition of the magistrate judge. Doc. 249.  The court now considers the objections to the magistrate judge's proposed findings and recommendations concerning the remaining attorney's fees motions.

**Discussion**

This court referred the issue of attorney's fees to the magistrate judge upon formal motions by various defendants.  Doc. 191.  The magistrate judge recommended that the motions filed by Defendants Balderas, Garcia, Pacheco, Gutierrez, and Montoya be granted or granted in part, but that Defendant Richards's motions be denied.  Docs. 234,

235, 236, 238.  Upon timely objections to the magistrate's recommendations, this court

reviews the matters underlying those objections de novo.  28 U.S.C. § 636(b)(1); <u>Ocelot</u>

<u>Oil Corp. v. Sparrow Indus.</u>, 847 F.2d 1458, 1462 (10th Cir. 1988); <u>see also</u> Fed. R. Civ.

P. 54(d)(2)(D), 72(b)(3).

A.    <u>Plaintiff Ross's and Mr. Kashanian's Objections</u>

In awarding fees against Plaintiff Ross, the magistrate judge focused his findings

on the lack of factual support for the allegations made by Plaintiffs Ross and Gerard,

concluding that the assertion and maintenance of the allegations was vexatious, wonton,

and an abuse of the judicial process.  Plaintiff Ross filed pro se objections on July 19,

2017 (Doc. 241), and his attorney of record, Arash Kashanian, filed an objection on

Plaintiff Ross's behalf on July 26, 2017 (Doc. 246).[2]  Plaintiff Ross objects to all

attorney's fees against him personally.  He repeats his claim that Defendant Balderas

engaged in conduct that violated his constitutional rights and those of his late-wife,

Plaintiff Gerard.  Mr. Kashanian requests that the court rely upon Plaintiff Ross's pro se

objections, or that Mr. Kashanian's objection suffice as a blanket objection that will

preserve any issues.  Doc. 246.

To properly object, however, objections must be specific and address the substance

of the magistrate judge's recommended findings and proposed disposition.  <u>United States</u>

<u>v. One Parcel of Real Prop., with Bldgs., Appurtenances, Improvements, and Contents,</u>

---

[2]  Mr. Kashanian has filed a motion to withdraw as attorney for Plaintiff Ross.  Doc. 231.
That motion is under advisement.  Under the circumstances, this court will consider the
objections made by Plaintiff Ross pro se as well as those made on his behalf by counsel.

Known As: 2121 E. 30th St., Tulsa, Okla., 73 F.3d 1057, 1061 (10th Cir. 1996). Plaintiff

Ross's pro se objections are that Defendant Balderas has engaged in a pattern of violating

his and Gerard's constitutional rights, and that through counsel Defendant Balderas has

been malicious in his opposition to Plaintiffs' motions. Doc. 241. This simply does not

address the magistrate judge's conclusion that the various Defendants are "prevailing

parties" who are entitled to attorney's fees under 42 U.S.C. § 1988 and this court's

inherent authority, because Plaintiffs' suit is frivolous, lacking an arguable basis in law or

fact, see Hensley v. Eckerhart, 461 U.S. 424, 429 n.2 (1983); Blakely v. USAA Cas. Ins.

Co., 633 F.3d 944, 949–50 (10th Cir. 2011), as well as vexatious and wanton, see

Chambers v. NASCO, Inc., 501 U.S. 32, 45–46 (1991).

To the extent Plaintiff Ross raises other objections to the magistrate judge's

recommendations, they are not specific enough to warrant review and are therefore

waived. Alternatively, they are also without merit. Plaintiff Ross fares no better with the

"blanket objection" advanced by his attorney on his behalf; it suffices to say that a

blanket objection is not sufficiently specific to focus review.

Mr. Kashanian also filed objections to the imposition of fees against him in his

capacity as Plaintiffs' counsel of record, disputing the magistrate judge's

recommendation that Defendants Balderas, Garcia, Pacheco, Gutierrez, and Montoya be

awarded attorney's fees. Docs. 247–48.[3] He argues that he did not violate 28 U.S.C.

---

[3] This court elects to consider one of Mr. Kashanian's filings (Doc. 248) notwithstanding
that it was filed approximately one minute past the objections deadline.

§ 1927, because filing a complaint and attempting to amend it did not multiply the proceedings. He maintains that this is especially true as to Defendant Balderas, because Mr. Kashanian did not oppose his motion to dismiss. Mr. Kashanian further contends that his defense of his client to avoid attorney's fees under 43 U.S.C. § 1988 cannot constitute multiplying the proceedings and thus serve as a basis for sanctions against Mr. Kashanian under 28 U.S.C. § 1927, because holding otherwise would create a conflict of interest. He also maintains that there is no causal connection between his conduct and any alleged multiplication of the proceedings, because Defendants' actions (e.g., filing motions to dismiss or for summary judgment) would have occurred regardless of any conduct on Mr. Kashanian's part. Additionally, Mr. Kashanian argues that this court does not have the inherent authority to impose sanctions against an attorney personally for commencing proceedings, even if the complaint is meritless. He further objects to the magistrate judge's characterization of what occurred, and questions why he should bear half of the fees incurred absent a finding that the costs and fees were caused by sanctionable conduct on the part of Mr. Kashanian.[4]

According to 28 U.S.C. § 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such

---

[4]  The court questions whether Mr. Kashanian has waived some of his objections for failing to raise them in his responses to the motions for fees. It is axiomatic that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).

conduct."  Fees are appropriate "when an attorney acts recklessly or with indifference to

the law[;] . . . is cavalier or bent on misleading the court; intentionally acts without a

plausible basis; [or] when the entire course of the proceeding was unwarranted."  Steinert

v. Winn Grp., Inc., 440 F.3d 1214, 1221 (10th Cir. 2006) (second alteration in original)

(quoting Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C., 430 F.3d 1269, 1278

(10th Cir. 2005)).  Merely initiating proceedings by filing a complaint, however, does not

constitute multiplying the proceedings.  Id. at 1225.  Additional action must be taken for

§ 1927 to apply, such as attempting to preserve and advance claims beyond the complaint

by opposing motions to dismiss, expanding the scope of the claims by amending the

complaint, and the like.  See id. at 1225–26.  Further, care must be taken to avoid

construing § 1927 in a manner that "dampen[s] the legitimate zeal of an attorney in

representing his client."  Baca v. Berry, 806 F.3d 1262, 1278 (10th Cir. 2015) (quoting

Braley v. Campbell, 832 F.2d 1504, 1512 (10th Cir. 1987)).

Notwithstanding the applicability of § 1927, federal courts also have the inherent

authority to award attorney's fees as sanctions.  Chambers, 501 U.S. at 44–45; Farmer v.

Banco Popular of N. Am., 791 F.3d 1246, 1255 (10th Cir. 2015).  Indeed, courts can

impose attorney-fee sanctions for bad-faith conduct in the litigation or abuse in the

judicial process.  Farmer, 791 F.3d at 1255–56.  Although a causal link between the

misconduct and fees is required, Goodyear Tire & Rubber Co. v. Haeger, 137 S. Ct. 1178,

1186–87 (2017), in rare cases a court can shift all of a party's fees, id. 1187.  For

example, "[i]f a plaintiff initiates a case in complete bad faith, so that every cost of

defense is attributable only to sanctioned behavior, the court may . . . make a blanket award." Id. at 1188.

Mr. Kashanian's objections to the imposition of attorney's fees against him personally under both § 1927 and this court's inherent power are overruled.[5]  This court agrees with the magistrate judge that Mr. Kashanian unreasonably multiplied the proceedings after filing the complaint.  For example, when Defendant Garcia moved for summary judgment contesting the allegations contained in the complaint and providing proof to the contrary, Plaintiffs completely failed to respond (as required by federal and local rule) with a concise statement of material facts that were in dispute.  Doc. 103; see also Doc. 126 at 6, ¶¶ 12–14.  Accordingly, all material facts urged by Defendant Garcia were deemed admitted.  Doc. 121 at 2.  This pattern was repeated in Mr. Kashanian's responses to other motions for summary judgment based on qualified immunity (Docs. 132 & 152) with the same result.  Docs. 144 at 3, 168 at 2–3.  Thus, Mr. Kashanian continued to prosecute his claims with no factual support for the overwhelming majority of the allegations contained in the amended complaint — an issue that did not appear to be lost on Mr. Kashanian, as evidenced by his repeated assertions of Plaintiffs' intent to amend the complaint (e.g., Doc. 74, ¶ 10; Doc. 100 at 5).  To be sure, Mr. Kashanian

---

[5]  The magistrate judge also recommended that attorney's fees be awarded in this case pursuant to 43 U.S.C. § 1988, which allows a prevailing defendant to recover attorney's fees "only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant."  Hensley, 461 U.S. at 429 n.2.  Of course, § 1988 is unavailable against attorneys.  Steinert, 440 F.3d at 1222.  Accordingly, the court need only address whether the imposition of attorney's fees against Mr. Kashanian personally is warranted under 28 U.S.C. § 1927 and this court's inherent power.

attempted early termination of the proceedings, but on terms unacceptable to certain defendants.

Mr. Kashanian also challenges the award of attorney's fees to Defendant Balderas under § 1927 because he only filed the complaint and did not oppose Defendant Balderas's motion to dismiss. If that was all there was to it, he might have a point. <u>See Steinert</u>, 440 F.3d at 1225. But Mr. Kashanian filed a motion to reconsider dismissal of Defendant Balderas, incorrectly asserting that this court miscalculated the deadline for his response to Defendant Balderas's motion to dismiss and alternatively requesting the opportunity to be heard (Doc. 70) — something very different from acquiescing to a dismissal. As the court noted, Mr. Kashanian's timeliness argument was contradicted by the historical facts. Doc. 112 at 2. Mr. Kashanian then filed an untimely response to Defendant Balderas's motion, conceding dismissal of Balderas as a defendant but opposing his arguments that the Plaintiffs' constitutional challenges to two New Mexico statutes should be dismissed. Doc. 74 at 5, ¶ 9. Defendant Balderas reasonably felt compelled to respond to both filings (Doc. 89) and this court found Mr. Kashanian's arguments to be without merit (Doc. 112). Because this court finds that Mr. Kashanian unreasonably multiplied the proceedings against Defendant Balderas as well, an award of attorney's fees is proper under § 1927.

It bears noting that Mr. Kashanian takes particular issue with the magistrate judge's reliance on his brief filed in opposition to Defendant Balderas's motion for attorney's fees, arguing that "[t]o defend [his] client from [§] 1988 attorney's fees, [he]

had to argue that there was a basis to file the matter." Doc. 247 at 13. To hold that this is grounds for sanctions under § 1927, he argues, would create a conflict of interest. See id. Of course, Mr. Kashanian has a duty to advocate for his clients. But that duty does not encompass a requirement to initiate and press every claim suggested by clients, no matter how unhinged. It is not Mr. Kashanian's advocacy for his clients that warrants the imposition of attorney's fees against him, but his lack of judgment in initiating and prosecuting claims that lack a colorable basis. Moreover, Mr. Kashanian's premise, that an award of attorney's fees would create a conflict between attorney and client, was not raised in response to Defendant Balderas's motion seeking attorney fees from Mr. Kashanian. See Doc. 102 at 11–14.

Even without § 1927, this court would award attorney's fees against Mr. Kashanian under its inherent authority. The magistrate judge's finding that Mr. Kashanian's actions in this litigation constitute an abuse of the judicial process and were conducted in bad faith is fully supported by the record. Cf. Farmer, 791 F.3d at 1255–56. Although the abuse of process does not end with the complaint, the case was initiated in bad faith, such that every cost incurred by the defendants is attributable only to sanctioned behavior. Cf. Goodyear Tire, 137 S. Ct. at 1188. A blanket award of all attorney's fees is therefore proper under this court's inherent authority. See id.

Mr. Kashanian contends there is no basis to impose attorney's fees against counsel for filing a case, regardless of the factual basis supporting the claims. But a federal court has the inherent power "to discipline attorneys who appear before it." Chambers, 501

-11-

U.S. at 43; see also Thomas v. Tenneco Packaging Co., 293 F.3d 1306, 1320 (11th Cir.

2002). Mr. Kashanian offers no compelling reason why the exercise of this inherent

authority cannot include awarding attorney's fees against an attorney personally, nor can

this court envision one.

This conclusion is underscored by rules governing the conduct of attorneys in

federal court. Specifically, Rule 11 requires that all attorneys in federal court certify, by

signing the pleadings and other papers filed, that

> to the best of the person's knowledge, information, and belief, formed after
> an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass,
> cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by
> existing law or by a nonfrivolous argument for extending, modifying, or
> reversing existing law or for establishing new law; [and]
> (3) the factual contentions have evidentiary support or, if specifically so
> identified, will likely have evidentiary support after a reasonable
> opportunity for further litigation or discovery[.]

Fed. R. Civ. P. 11(b). "Rule 11 requires sanctions against attorneys who file signed

pleadings, motions or other papers in district court which are not well grounded in fact,

are not warranted by existing law or a good faith argument for its extension, or are filed

for an improper purpose." Adamson v. Bowen, 855 F.2d 668, 672 (10th Cir. 1988).

Mr. Kashanian signed a complaint ostensibly based in fact, but in reality grounded

in implausible conjecture that lacks even a shred of evidentiary support.[6] Further, even a

---

[6] This is true even under the deferential standard by which all reasonable inferences are
drawn in favor of the non-moving party. See White v. Gen. Motors Corp., Inc., 908 F.2d
675, 680 (10th Cir. 1990).

cursory review of the pertinent case law uncovers fatal flaws to Plaintiffs' complaint.

The complaint asserts claims against judicial officers in their official capacities

notwithstanding judicial immunity, and against public officials in their official capacities

without any regard to the long-established governing legal standards for such claims.

And this says nothing about the complaint's deficiencies as to the assertion of other

claims, such as the failure to plead interference with interstate commerce, a required

element for a claim under 18 U.S.C. § 1964(c).  Moss v. Morgan Stanley Inc., 719 F.2d 5,

17 (2d Cir. 1983); see also Dummar v. Lummis, 543 F.3d 614, 620–21 (10th Cir. 2008).

In short, the complaint evinces nearly a complete absence of legal research with respect to

the elements underlying Plaintiffs' claims.  This pattern persisted throughout the

litigation.  For example, Mr. Kashanian filed a motion for injunctive relief (Doc. 41)

without so much as addressing the relevant requirements, let alone integrating the facts

with the law.  Doc. 77.

 Perhaps most troubling, however, are the manifestations of homophobia contained

in the complaint.  Such statements include:

> "The [*Lesbian*] *Sisterhood*'s most prominent members consist of judicial officers,
> attorneys, court employees, and others in the justice system to ensure that any
> lesbian[']s rights are held above all others. [Defendant Singleton's] favoritism of
> lesbians is so strong that she will violate laws and trample upon citizen's civil
> rights to protect lesbians far above and beyond the rest of the New Mexico
> citizenry."  Doc. 8, ¶ 146.

> Defendants Singleton and Pickard "act as the faces and voices of lesbian activism
> in the state of New Mexico. . . .  Singleton issued *sua sponte*, with no case before
> her — an Order to Show Cause directing the Santa Fe County Clerk, Geraldine

Salazar, to issue marriage licenses allowing same-sex couples to wed, or appear before Singleton and explain why not." Id. ¶ 147.

Defendants "Singleton and Pickard are in charge of a massive legal slush fund, donated by members and supporters of the *Sisterhood*, in the seven figures to support lesbian-related litigation, advocacy, and other causes related to lesbian rights . . . ." Id. ¶ 148.

"It is well known that the lesbian community has gained substantial presence, clout, and power throughout the state of New Mexico, and in particular, the city of Santa Fe. [Defendant] Richards, through his tireless work for lesbians, has become a foil for the *Sisterhood* that have come to garner powerful positions in official positions throughout New Mexico." Id. ¶ 166.

And there are others. Mr. Kashanian's conduct in filing a complaint containing these allegations (and defending them) is unprofessional, at odds with the governing standards for practicing attorneys to which he is subject, and, given the absence of evidentiary support for the alleged bias, done for no discernable purpose other than to further invidious discrimination. See Rule 16-300 NMRA (indicating that, absent legitimate advocacy, "a lawyer shall refrain from intentionally manifesting, by words or conduct, bias or prejudice based on . . . sexual orientation").

Further, Mr. Kashanian's arguments regarding the imposition of attorney's fees against him personally overlook the fact that he never had to file this particular complaint (or any complaint), nor did he have to continue in his representation of Plaintiffs. Instead, Mr. Kashanian persisted. In light of his conduct, this court concludes that it has the inherent authority to award attorney's fees against Plaintiffs and Mr. Kashanian personally.

Finally, this court determines that the magistrate judge's recommended awards are proper, because the Defendants would not have paid these fees but for the misconduct of Plaintiffs and their counsel Mr. Kashanian in filing and maintaining a vexatious lawsuit so lacking in evidentiary support.[7] See Goodyear Tire, 137 S. Ct. at 1186–88, 1186 n.5. In light of the foregoing, the recommendation that half of the fees be paid by Plaintiffs and half by Mr. Kashanian is appropriate. Accordingly, this court adopts the magistrate judge's recommended awards as to Defendants Balderas, Garcia, Pacheco, Gutierrez, and Montoya. Docs. 234–36.

B.      Defendant Richards's Objections

Defendant Richards raises several objections in response to the magistrate's proposed findings and recommendations that his motion for attorney's fees and costs be denied. He contends the recommended denial of attorney's fees and costs as a sanction would reward Plaintiff Ross and Mr. Kashanian for misconduct that has permeated the instant litigation, and that the magistrate judge was incorrect in concluding that Defendant Richards's prior failure to argue for sanctions under this court's inherent authority until his reply regarding Plaintiffs' application for a restraining order precludes his ability to raise that argument now. Defendant Richards further asserts that the reasons underlying the general rule against awarding attorney's fees to pro se litigants are inapplicable, and

_____

[7] To the extent Mr. Kashanian argues that there is an absence of causation because Plaintiffs would have filed this lawsuit with or without him, see, e.g., Doc. 248 at 20–21, the argument is without merit. Such a rule would necessarily preclude the ability to sanction attorneys for filing complaints that, as here, violate Rule 11 or are otherwise initiated in bad faith or constitute an abuse of judicial process.

that this case presents one of the exceptional circumstances in which a court may exercise its inherent authority to award fees to a pro se attorney. He further argues that paralegal services he solicited are a cost and should be awarded. Finally, Defendant Richards requests that this court reconsider its prior decision to deny attorney's fees as a sanction for then-Plaintiff Gerard's application for a temporary restraining order, and also grant attorney's fees for his work in representing Defendant Pamela Reynolds.

After reviewing the magistrate judge's proposed findings and recommendations, Defendant Richards's objections, and the pertinent law, this court concludes that this may be one of the exceptional cases where a court should exercise its inherent authority and award attorney's fees to a pro se litigant. This court finds persuasive the Federal Circuit's decision in Pickholtz v. Rainbow Technologies, Inc., 284 F.3d 1365 (Fed. Cir. 2002). There, the court reasoned that the Supreme Court has held that a federal court can impose sanctions under its inherent authority, Chambers, 501 U.S. at 41–42, and there is "no reason why in proper circumstances [attorney's fees as sanctions] may not be applied in favor of a *pro se* attorney under inherent power." Pickholtz, 284 F.3d at 1377. "Failure to do so . . . would place a *pro se* litigant at the mercy of an opponent who might engage in otherwise sanctionable conduct, but not be liable for attorney fees to a *pro se* party." Id. Given the vexatious nature of this litigation and the sheer lack of evidentiary support, this court would be hard pressed not to award at least some attorney's fees as a sanction under its inherent authority. And although the policies outlined in Kay v. Ehrler, 499 U.S. 432, 435–38 (1991), against awarding attorney's fees to pro se litigants in 42 U.S.C.

§ 1988 cases are strong, in this particular case they might be better addressed by reducing the amount of the award, not by denying fees outright.

This court further agrees with Defendant Richards that the deficiencies with his prior sanctions motions, which targeted then-Plaintiff Gerard's application for a temporary restraining order, do not preclude for all time his ability to obtain attorney's fees. Although this court declines Defendant Richards's invitation to reconsider its earlier decision to deny his motion for sanctions and agrees with the magistrate judge that these fees are not recoverable (Doc. 238 at 9 n.6), that failed attempt would not prevent Defendant Richards from obtaining fees due to Plaintiffs' other conduct in this litigation.

This court rejects, however, Defendant Richards's contention that his out-of-pocket paralegal fees are recoverable as costs. To obtain these fees, Defendant Richards filed an Affidavit of Costs on May 1, 2017 (Doc. 193), and amended it on May 3, 2017 (Doc. 195). The magistrate judge construed this as a motion to tax costs and recommended that it be denied on the grounds that nothing in the rules or in 28 U.S.C. § 1920 suggests that paralegal fees are recoverable as costs. Doc. 238 at 9–10. Defendant Richards objects, arguing that costs are not strictly limited to what is listed in § 1920 and that Fed. R. Civ. P. 54(d)(1) provides a court with discretionary authority to award paralegal fees if the court determines such fees are a cost. This court concludes that Defendant Richards's objections are without merit, because paralegal fees are not recoverable as costs. Instead, such fees should be incorporated into the hourly rate for

attorney's fees.  See generally Potence v. Hazleton Area Sch. Dist., 357 F.3d 366, 374–75 (3d Cir. 2004).

This court further rejects Defendant Richards's attempt to recoup attorney's fees for work he completed on behalf of Defendant Pamela Reynolds.  There are several reasons for this.  In purporting to cite Defendant Reynolds's motion for attorney's fees (Doc. 242 at 15), Defendant Richards cites his supplemental briefing for his motion for attorney's fees, which includes an affidavit where he mentions that he has completed a total of $2,263.73 worth of work on Defendant Reynolds's behalf (Doc. 206, Ex. A). Defendant Reynolds never filed a motion for attorney's fees, and with good reason.  The stipulation pertaining to her dismissal, apparently agreed to by Mr. Richards as her counsel, provides that "[e]ach party will bear their own fees and costs incurred in this matter."  Doc. 91 at 2.  Neither she nor Mr. Richards is entitled to an award of attorney's fees on her behalf.

Next, this court considers the amount of any attorney's fees it might award Defendant Richards.  In his objections, he asserts that he should be awarded attorney's fees in the amount of $21,139.89.  Doc. 242 at 15.  In support, he relies upon a bill to his client, Defendant Brenda Wall, itemizing fees from October 31, 2016 through 2017.  Doc. 206 at 13–20.  But Defendant Wall was voluntarily dismissed on December 5, 2016 (Doc. 81), and has not filed a motion for attorney's fees.  Moreover, as noted by the magistrate judge, the itemized bill includes fees previously denied regarding the preliminary injunction.  Doc. 238 at 9 n.6.  As a prevailing party, Defendant Richards had the burden

to properly allocate a reasonable number of hours at a reasonable hourly rate. <u>See</u> <u>Ellis v.</u> <u>Univ. of Kan. Med. Ctr.</u>, 163 F.3d 1186, 1202 (10th Cir. 1998). While the court recognizes that Mr. Richards was engaged in joint representation, including representing himself pro se, the record makes it clear that he is capable of allocating fees among those clients. <u>See</u> Doc. 86 at 9 (fees billed to himself); Doc. 206 at 12 (Pamela Reynolds). Given the state of the record, Mr. Richards has not met his burden. Accordingly, the court declines to award attorney's fees.

      C.     <u>Plaintiff Ross's Motions Regarding Attorney's Fees and Sanctions</u>

     This court also considers Plaintiff Ross's motion for leave to file a sur-reply to Robert Richards's amended affidavit of costs, filed May 26, 2017 (Doc. 218), and motion for Rule 11 sanctions against Defendant Richards, filed May 26, 2017 (Doc. 219). These motions fell within the scope of this court's referral on attorney's fees. Doc. 191. The magistrate judge recommended that Plaintiff Ross's motion for leave to file a sur-reply be denied as moot in light of his recommendation that Defendant Richards's motion be denied. Doc. 238 at 11. He further recommended that Plaintiff Ross's motion for sanctions be denied on the basis that such an award would be unjust. <u>Id.</u> at 10.

     No objections have been filed with respect to the magistrate judge's findings and recommended dispositions as to these motions. Therefore, review has been waived. That notwithstanding, the court also finds that the motion for leave to file a sur-reply is moot, and that it would be unjust to award sanctions to Plaintiff Ross given the nature of the

allegations and the ensuing proceedings. Accordingly, this court adopts the magistrate judge's recommendation to deny both motions.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, and DECREED that:

(1) Plaintiff Andrew Ross's Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition, filed July 19, 2017 (Doc. 241) are overruled.

(2) Arash Kashanian's Objection on Behalf of Andrew Ross to the Magistrate Judge's Proposed Findings and Recommended Disposition, filed July 26, 2017 (Doc. 246), and his own Objections to the Magistrate's Recommendations, filed July 26, 2017 (Docs. 247, 248) are overruled.

(3) The Proposed Findings and Recommended Disposition of the Magistrate Judge regarding Defendants Hector Balderas, Robert Garcia, William Pacheco, Antonio Gutierrez, and Anna Montoya, filed July 12, 2017 (Docs. 234, 235, 236) are adopted.

(4) Defendant Robert Richards's Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition, filed July 19, 2017 (Doc. 242) are overruled, except insofar as stated above.

(5) The Proposed Findings and Recommended Disposition of the Magistrate Judge regarding Defendant Robert Richards, filed July 12, 2017 (Docs. 238) are adopted, except insofar as the legal analysis as modified above.

(6) Defendant Hector Balderas's Motion for Attorney's Fees Under 43 U.S.C. § 1988, 28 U.S.C. § 1927 and the Court's Inherent Authority, filed December 7, 2016 (Doc. 87), and supplemented on May 17, 2017 (Doc. 205) is granted. Defendant Balderas

is awarded attorney's fees in the amount of $4,864, plus interest, with half to be paid by Plaintiffs and half by their counsel, Mr. Kashanian, personally.

(7) Defendant Robert Garcia's Application for Award of Attorney's Fees, filed January 19, 2017 (Doc. 126), is granted in part and denied in part. Defendant Garcia is awarded attorney's fees in the amount of $12,055, plus interest, with half to be paid by Plaintiffs and half by their counsel, Mr. Kashanian, personally.

(8) Defendant William Pacheco's Application for Award of Attorney's Fees, filed March 1, 2017 (Doc. 155), and supplemented on May 15, 2017 (Doc 201), is granted.

(9) Defendants Antonio Gutierrez and Anna Montoya's Application for Award of Attorney's Fees, filed March 24, 2017 (Doc. 177), and supplemented on May 15, 2017 (Doc. 201), is granted. Defendants Pacheco, Gutierrez, and Montoya are awarded attorney's fees in the total amount of $12,529.05, plus interest, with half to be paid by Plaintiffs and half by their counsel, Mr. Kashanian, personally.

(10) Defendant Robert Richards's Motion for Attorney's Fees and Costs Under 42 U.S.C. § 1988, the Court's Inherent Authority and 28 U.S.C. § 1927, filed March 20, 2017 (Doc. 175), and supplemented on May 17, 2017 (Doc. 206), is denied.

(11) Defendant Robert Richards's Affidavit of Costs, filed May 1, 2017 (Doc. 193), and amended May 3, 2017 (Doc. 195), seeking paralegal fees as costs, is denied.

(12) Plaintiff Andrew Ross's Motion for Leave to File Sur-Reply to Robert Richards's Amended Affidavit of Costs, filed May 26, 2017 (Doc. 218) is denied as moot.

(13) Plaintiff Andrew Ross's Motion for Rule 11 Sanctions Against Defendant Robert Richards, filed May 26, 2017 (Doc. 219) is denied.

DATED this <u>11th</u> day of August 2017, at Santa Fe, New Mexico.


_____
United States Circuit Judge
Sitting by Designation

Counsel:

Andrew Ross, pro se.

Arash Kashanian, Albuquerque, New Mexico, for Plaintiff Andrew Ross.

Ari Biernoff, Assistant Attorney General (and Hector H. Balderas, New Mexico Attorney General), Santa Fe, New Mexico, for Defendant Hector H. Balderas.

Michael Dickman, Santa Fe, New Mexico, for Defendants Robert Garcia, William Pacheco, Antonio Gutierrez, and Anna Montoya.

Robert Richards, pro se.