IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| ANDREW ROSS and SUSAN GERARD,<br><br>    Plaintiffs,<br><br>vs.<br><br>HECTOR BALDERAS, JR., ROBERT GARCIA, SARAH MICHAEL SINGLETON, FRANCIS J. MATHEW, RAYMOND Z. ORTIZ, DAVID K. THOMPSON, JENNIFER ATTREP, T. GLENN ELLINGTON, SYLVIA LAMAR, DONITA OLYMPIA SENA, DONNA BEVACQUA-YOUNG, PAT CASADOS, FRANK SEDILLO, WILLIAM PACHECO, ANTONIO GUTIERREZ, ANNA MONTOYA, JUDAH BEN MONTANO, A. ARROYO, E. MONTIJO, MICHELLE PORTILLO, STEPHEN T. PACHECO, JANE GAGNE, JOYCE BUSTOS, LYNN PICKARD, PAMELA REYNOLDS, ROBIN MARTINEZ, ROBERT RICHARDS, BRENDA WALL, AUDREY MONTOYA, and ALLSTATE INSURANCE, INC.,<br><br>    Defendants.<br><br>--------------------------<br><br>PAMELA REYNOLDS and ROBERT RICHARDS,<br><br>    Counter-Claimants,<br><br>vs. | No. 1:16-cv-01121 PJK/SMV |

ANDREW ROSS and SUSAN GERARD,

    Counter-Defendants.

ORDER ON VARIOUS PENDING MOTIONS

THIS MATTER comes on for consideration of various pending motions.

First, Arash Kashanian's Motion to Withdraw as Counsel of Record for decedent-Plaintiff Susan Gerard, filed July 3, 2017 (Doc. 230), is well taken and should be granted. His agency relationship with Plaintiff Gerard terminated upon her death.

Second, Arash Kashanian's Motion to Withdraw as Counsel of Record for Plaintiff Andrew Ross, filed July 3, 2017 (Doc. 231), is also well taken and should be granted because Plaintiff Ross has terminated him. In his reply, Mr. Kashanian now contends that he has an actual conflict of interest vis-à-vis defending Mr. Ross against attorney's fees and defending himself against them. Doc. 244 at 4 (filed July 26, 2017). But Defendant Balderas repeatedly sought attorney's fees against Mr. Kashanian **and** his clients long before the magistrate judge pointed out that Mr. Kashanian continued to defend the baseless allegations contained in the complaint. See Doc. 87 (filed Dec. 7, 2016) (motion for sanctions); Doc. 234 at 10 (proposed findings and recommended disposition). Mr. Kashanian clung tenaciously to those allegations and his belated claim of conflict is too little, too late. Plaintiff Ross is advised that this court will not tolerate filings that are frivolous or otherwise constitute an abuse of the judicial process.

Third, Plaintiff Ross's pro se Motion for Reconsideration of the Court's Order for Substitution of Parties Pursuant to Fed. R. Civ. P. 25, filed July 10, 2017 (Doc. 233), is not well taken and should be denied. Although courts have allowed personal representatives to appear pro se, such circumstances are limited to when the personal representative was the sole beneficiary of the estate and there were no claims of creditors. E.g., Rodgers v. Lancaster Police & Fire Dep't, 819 F.3d 205, 210–11 (5th Cir. 2016); Guest v. Hansen, 603 F.3d 15, 17 (2d Cir. 2010). Plaintiff Ross's motion, however, states that the Estate of Susan Gerard has liabilities in excess of $50,000.00. Doc. 233, ¶ 1. Though the estate may not be able to afford counsel, the existence of liabilities to others compels the denial of Plaintiff Ross's motion. See Pridgen v. Andresen, 113 F.3d 391, 392 (2d Cir. 1997).

Fourth and finally, Plaintiff Ross's pro se Motion for Referral of Robert Richards to the U.S. Attorney for the District of New Mexico for Prosecution for Mail and Wire Fraud, filed July 24, 2017 (Doc. 243), is not well taken and should be denied.

NOW, THEREFORE, IT IS ORDERED that:

(1) Arash Kashanian's Motion to Withdraw as Counsel of Record for decedent-Plaintiff Susan Gerard, filed July 3, 2017 (Doc. 230), is granted.

(2) Arash Kashanian's Motion to Withdraw as Counsel of Record for Plaintiff Andrew Ross, filed July 3, 2017 (Doc. 231), is granted.

(3) Plaintiff Andrew Ross's pro se Motion for Reconsideration of the Court's Order for Substitution of Parties Pursuant to Fed. R. Civ. P. 25, filed July 10, 2017 (Doc. 233), is denied.

(4) Plaintiff Andrew Ross's pro se Motion for Referral of Robert Richards to the United States Attorney for the District of New Mexico for Prosecution for Mail and Wire Fraud Pursuant to 18 U.S.C. Section 1341 and 18 U.S.C. Section 1343, filed July 24, 2017 (Doc. 243), is denied.

DATED this 11th day of August 2017, at Santa Fe, New Mexico.

_____
United States Circuit Judge
Sitting by Designation