IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| ANDREW ROSS and SUSAN GERARD,<br><br>    Plaintiffs,<br><br>vs.<br><br>HECTOR BALDERAS, JR., ROBERT GARCIA, SARAH MICHAEL SINGLETON, FRANCIS J. MATHEW, RAYMOND Z. ORTIZ, DAVID K. THOMPSON, JENNIFER ATTREP, T. GLENN ELLINGTON, SYLVIA LAMAR, DONITA OLYMPIA SENA, DONNA BEVACQUA-YOUNG, PAT CASADOS, FRANK SEDILLO, WILLIAM PACHECO, ANTONIO GUTIERREZ, ANNA MONTOYA, JUDAH BEN MONTANO, A. ARROYO, E. MONTIJO, MICHELLE PORTILLO, STEPHEN T. PACHECO, JANE GAGNE, JOYCE BUSTOS, LYNN PICKARD, PAMELA REYNOLDS, ROBIN MARTINEZ, ROBERT RICHARDS, BRENDA WALL, AUDREY MONTOYA, and ALLSTATE INSURANCE, INC.,<br><br>    Defendants.<br><br>--------------------------<br><br>PAMELA REYNOLDS and ROBERT RICHARDS,<br><br>    Counter-Claimants, | No. 1:16-cv-01121 PJK/SMV |

vs.

ANDREW ROSS and SUSAN GERARD,

    Counter-Defendants.

---

ORDER ON DEFENDANT ROBERT RICHARDS'S MOTION FOR
RECONSIDERATION OF ORDER DENYING ATTORNEY'S FEES

---

THIS MATTER comes on for consideration of Defendant Robert Richards's Motion for Reconsideration of Order Denying Attorney Fees filed August 26, 2017. Doc. 253. Upon consideration thereof, the Motion will be granted in part and denied in part.

In a prior order, the court held that Mr. Richards may be entitled to attorney's fees as a sanction based upon the conduct of Plaintiffs Andrew Ross and Susan Gerard and their counsel, Arash Kashanian. Doc. 250 at 18–19. The court ultimately denied those fees, however, because Mr. Richards was engaged in joint representation and did not allocate the fees among the three parties he represented, nor did he provide the analysis for a reasonable number of hours at a reasonable hourly rate, the starting point of the analysis. Id.; Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Thus, the court was unable to consider the next issue: the proper amount to award given the need for a sanction vs. the competing policies against awarding fees to pro se lawyers in civil rights litigation.

Mr. Richards now claims fees in the amount of $18,868.26 based upon a "corrected bill" and one that excludes fees denied by the court in connection with

opposing Plaintiffs' application for a temporary restraining order.  Doc. 253 at 4–5.

Unfortunately, several entries reappearing in the corrected bill predate the dismissal of Defendant Brenda Wall (dismissed December 5, 2016 (Doc. 81)) and Defendant Pam Reynolds (dismissed December 15, 2016 (Doc. 91)), and it is not apparent why these entries would only benefit Mr. Richards.  Given the court's prior order, Mr. Richards was surely on notice of the need to allocate or explain why the services solely benefitted him and the court will not consider the amounts for those entries.

Another practice that bears mention is Mr. Richards's billing .10 of an hour (6 minutes or $27.50) for "reviewing" practically every pleading filed in this case.  While Mr. Richards argues that a lawyer needs to stay apprised of a case and review pleadings, any lawyer exercising billing judgment would hesitate before billing a client for reviewing every pleading no matter its relevance, let alone ministerial nature (e.g., a notice of completion of briefing or notice of erratum).  In any event, Mr. Richards has not adequately justified this practice.  Entries of this nature will not be included in considering an award, except where such review appears integral to another task such as drafting a response or reply.  See Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir. 1998) (courts should scrutinize the hours allotted to specific tasks in fee cases).

The court has reviewed the time records submitted with the motion for reconsideration.  75 hours submitted by Mr. Richards and his paralegal appear directly related to the claims asserted against Mr. Richards.  Including an allowable PACER cost,

the sum is $13,601.[1] Balancing the competing policy considerations and taking into account the conduct in the instant litigation, this court determines that $5,000 is an appropriate and reasonable award as a sanction under its inherent power. The court further finds that this amount satisfies the but-for test articulated in Goodyear Tire, which requires that attorney's fees awarded under the court's inherent authority must be sums that would not have been paid but for the misconduct found on the part of Plaintiffs and/or their counsel. Goodyear Tire & Rubber Co. v. Haeger, 137 S. Ct. 1178, 1187 (2017). Accordingly, the award is $5,000 plus New Mexico gross receipts tax or $5,415.63. This amount also represents an effort to balance Mr. Richards's opportunity costs (as a lawyer) of defending himself against the counter argument that every pro se litigant must invest time and resources in the endeavor. See Pickholtz v. Rainbow Technologies, 284 F.3d 1365, 1377–78 (Fed. Cir. 2002). The amount will be borne by the Plaintiffs and their lawyer, Mr. Kashanian.

The court has carefully considered Mr. Kashanian's objections. He first argues that Mr. Richards has waived his right to present new or modified billing statements by submitting three deficient billing statements. According to Mr. Kashanian, had Mr. Richards retained counsel, that counsel would have made a proper application for fees in the first instance. Given that Mr. Richards successfully challenged a complete denial of fees by the magistrate judge, in the interest of fairness, the court allowed him to resubmit,

---

[1] Mr. Richards's rate is $275 per hour and his paralegal's rate is $60 per hour. Attached are the entries on which the court based the total amount of fees.

reducing fees where necessary.  As for the argument that Mr. Richards should have retained counsel, Mr. Richards incurred actual costs for a paralegal and opportunity costs for his time and no doubt was cognizant of the inherent risk that he might not prevail in obtaining fees.

Mr. Kashanian also contends that Mr. Richards has no valid fees and is mostly billing his spectator status.  The court cannot agree that Mr. Richards fees should be reduced because he stayed in the lawsuit rather than accept a voluntary dismissal offered by Plaintiffs.  As the court noted previously, Mr. Richards answered and counterclaimed and reasonably sought the comfort of a dismissal with prejudice (to prevent a recurrence of this litigation).  Doc. 98 at 3.  As for spectator status, were that only true.  Mr. Richards was a party and at risk, and pursued in this and other fora by the Plaintiffs and their lawyer.  The court does agree with Mr. Kashanian that billing 6 minutes for review of virtually every pleading is excessive and has reduced the bill in assessing what fees would have been reasonable.  Likewise, the fee applications could have been better, but the court has reduced the fees substantially.   As for the argument that Mr. Richards should not be compensated for various substantive aspects of the case, the court generally disagrees.  Mr. Richards had arguable (if not correct) positions most of the time and defended accordingly given the inherent uncertainties in litigation.  In any event, the $5,000 amount awarded using attorney's fees as a proxy encompasses work that was necessary and proper.

Finally, Mr. Kashanian argues that Mr. Richards's billing statements cannot be trusted based upon his litigation conduct. The court has reviewed the billing statements and has endeavored to arrive at a reasonable amount based upon the course of litigation as reflected in the docket sheet as a starting point. <u>Hensley</u>, 461 U.S. at 433. The court will not deny Mr. Richards an award on this basis.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, and DECREED that Defendant Robert Richards's Motion for Reconsideration of Order Denying Attorney Fees filed August 26, 2017 (Doc. 253) is granted in part and denied in part. Defendant Richards is awarded $5,415.63, plus interest, with half to be paid by Plaintiffs and half by their counsel, Mr. Kashanian, personally.

DATED this <u>2nd</u> day of September 2017, at Santa Fe, New Mexico.

                                                        */s/ Paul Kelly, J.*
                                                       United States Circuit Judge
                                                       Sitting by Designation

Counsel:

Arash Kashanian, pro se.

Robert Richards, pro se.