IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| ANDREW ROSS and SUSAN GERARD,<br><br>    Plaintiffs,<br><br>vs.<br><br>HECTOR BALDERAS, JR., ROBERT GARCIA, SARAH MICHAEL SINGLETON, FRANCIS J. MATHEW, RAYMOND Z. ORTIZ, DAVID K. THOMPSON, JENNIFER ATTREP, T. GLENN ELLINGTON, SYLVIA LAMAR, DONITA OLYMPIA SENA, DONNA BEVACQUA-YOUNG, PAT CASADOS, FRANK SEDILLO, WILLIAM PACHECO, ANTONIO GUTIERREZ, ANNA MONTOYA, JUDAH BEN MONTANO, A. ARROYO, E. MONTIJO, MICHELLE PORTILLO, STEPHEN T. PACHECO, JANE GAGNE, JOYCE BUSTOS, LYNN PICKARD, PAMELA REYNOLDS, ROBIN MARTINEZ, ROBERT RICHARDS, BRENDA WALL, AUDREY MONTOYA, and ALLSTATE INSURANCE, INC.,<br><br>    Defendants.<br><br>--------------------------<br><br>PAMELA REYNOLDS and ROBERT RICHARDS,<br><br>    Counter-Claimants,<br><br>vs. | No.    1:16-cv-01121 PJK/SMV |

ANDREW ROSS and SUSAN GERARD,

    Counter-Defendants.

ORDER ON RULE 60(B) MOTION FOR RELIEF FROM
FINAL JUDGMENT ON ATTORNEY'S FEES

THIS MATTER comes on for consideration of Plaintiff Andrew Ross's Rule 60(b) Motion for Relief from Final Judgment on Attorney's Fees filed September 11, 2017 (Doc. 261). Upon consideration thereof, the Motion is not well taken and should be denied.

Plaintiff Andrew Ross urges the court to relieve him from the award of attorney's fees contained in the judgment of August 11, 2017. Doc. 252. The basis for the motion is that Mr. Ross should not be held accountable for his counsel's (Mr. Kashanian's) failure to file an amended complaint promptly after the deficiencies of the first amended complaint became apparent. He claims that his lawyer was engaged in disciplinary proceedings. Mr. Ross contends that, had Mr. Kashanian attempted to file an amended complaint sooner, leave to file what was essentially a third amended complaint would have been granted.

Rule 60(b)(1) allows a court to relieve a party from a final judgment on the basis of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b)(6) allows relief for "any other reason that justifies relief." Rule 60(b)(1) relief is

unavailable to relieve a party for carelessness. Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir. 1990). Rule 60(b)(6) requires extraordinary circumstances justifying relief, and is not a substitute for the grounds enumerated in Rule 60(b). Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993).

There are any number of reasons why this Rule 60(b) motion should be denied. First, Mr. Ross, having selected counsel, is bound by his actions or inactions. See Smith v. McCord, 707 F.3d 1161, 1162 (10th Cir. 2013). Second, Mr. Kashanian's delay was known to Mr. Ross well before the last attempt to file an amended complaint. See Doc. 261 at 2–3. Third, the court denied leave to amend not only due to delay, but also for failure to correct obvious legal errors and adding claims based on facts known to the Plaintiffs at the outset. Doc. 188 at 4. Fourth, at a minimum, although Mr. Kashanian enabled these proceedings as the lawyer, Mr. Ross was complicit and culpable.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, and DECREED that Plaintiff Andrew Ross's Rule 60(b) Motion for Relief from Final Judgment on Attorney's Fees filed September 11, 2017 (Doc. 261) is denied. Mr. Richards's request for attorney's fees (Doc. 262 at 9) for responding to this motion is denied.

DATED this 2nd day of October 2017, at Santa Fe, New Mexico.

_____
Paul Kelly, J.
United States Circuit Judge
Sitting by Designation