IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREW ROSS and SUSAN GERARD,

    Plaintiffs,

v.                                                          No. 16-cv-1121 PJK/SMV

HECTOR BALDERAS, JR., ROBERT GARCIA,
SARAH MICHAEL SINGLETON,
FRANCIS J. MATHEW, RAYMOND Z. ORTIZ,
DAVID K. THOMPSON, JENNIFER ATTREP,
T. GLENN ELLINGTON, SYLVIA LAMAR,
DONITA OLYMPIA SENA,
DONNA BEVACQUA-YOUNG, PAT CASADOS,
FRANK SEDILLO, WILLIAM PACHECO,
ANTONIO GUTIERREZ, ANNA MONTOYA,
JUDAH BEN MONTANO, JOHN DOES 1–2,
MICHELLE PORTILLO, STEPHEN T. PACHECO,
JANE GAGNE, JOYCE BUSTOS, LYNN PICKARD,
PAMELA REYNOLDS, ROBIN MARTINEZ,
ROBERT RICHARDS, BRENDA WALL,
AUDREY MONTOYA, ALLSTATE INSURANCE, INC.,
A. ARROYO, and E. MONTIJO,

    Defendants,

and

PAMELA REYNOLDS and ROBERT RICHARDS,

    Counterclaimants,

v.

ANDREW ROSS and SUSAN GERARD,

    Counter-defendants.

# ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

THIS MATTER is before the Court on Plaintiff Andrew Ross's ("Plaintiff's") Motion for Protective Order, filed on November 16, 2017 [Doc. 289]. Defendant Robert Richards ("Defendant") filed a response on November 17, 2017 [Doc. 290] and an amended response on November 18, 2017 [Doc. 292]. On November 20, 2017, Plaintiff filed a supplement to his motion. [Doc. 293]. Defendant responded to the supplement on November 22, 2017. [Doc. 294]. Having considered the briefing, the relevant portions of the record, and the relevant law,[1] and being otherwise fully advised in the premises, the Court will GRANT IN PART AND DENY IN PART Plaintiff's Motion for Protective Order.

On October 2, 2017, the Honorable Paul J. Kelly, Jr., United States Circuit Judge, who is presiding in this case, entered a First Amended Final Judgment on Attorney's Fees. [Doc. 269]. He awarded Defendant Robert Richards attorney's fees in the amount of $5,415.63, half from Plaintiffs Andrew Ross and Susan Gerard and half from their counsel. *Id.* at 2–3. Plaintiff has not paid his portion of the fees. On November 13, 2017, Defendant filed a notice to take Plaintiff's deposition. [Doc. 287]. The deposition has been set for January 9, 2018, at 10:00 a.m. *Id.*; [Doc. 299]. Plaintiff filed the instant motion for a protective order pursuant to Fed. R. Civ. P. 26(c). [Doc. 289]. Plaintiff alleges that the deposition "is being scheduled for

---

[1] The Court set a telephonic hearing on the motion for December 4, 2017. Shortly into Plaintiff's oral argument, the Court attempted to question him on the motion. Plaintiff ignored the Court. The Court repeatedly attempted to interject questions. Plaintiff ignored the Court's attempts to speak, repeatedly talked over the Court, and accused the Court of being complicit in the felony murder of his former wife. Unable to proceed, the Court continued the hearing. Upon further reflection, no hearing is necessary because the motion can be decided on the briefs. *See* D.N.M.LR-Civ. 7.6(a).

the sole reason of harassment." *Id.* at 1. Defendant argues that Plaintiff has provided "no legal, rational, or cognizable basis for the Court to issue a protective order." [Doc. 292] at 2.

Pursuant to Fed. R. Civ. P. 69(a)(2), "[i]n aid of the judgment or execution, the judgment creditor . . . whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." This includes the use of depositions. Fed. R. Civ. P. 30(a)(1); *Abbasid, Inc. v. Los Alamos Nat'l Bank*, 2010 WL 11493334, at *2 (D.N.M. Nov. 22, 2010) (unpublished) ("Thus, all methods of discovery commonly available in civil proceedings may be utilized by a judgment creditor to secure information necessary to assist in executing the judgment.").

Under Fed. R. Civ. P. 26(c)(1), a party from whom discovery is sought may move for a protective order. And "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." *Id.* A protective order may, among other things, "forbid[] inquiry into certain matters, or limit[] the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(D). If a motion for a protective order is "wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery." Fed. R. Civ. P. 26(c)(2). The party seeking the protective order bears the burden of showing good cause for the protective order. *See Velasquez v. Frontier Med. Inc.*, 229 F.R.D. 197, 200 (D.N.M. 2005). "To establish good cause, that party must submit 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 244 (D. Kan. 2010) (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)).

The Court finds that Defendant is entitled to depose Plaintiff and that Plaintiff has failed to show good cause for the protective order. Plaintiff alleges that the sole purpose of the deposition is to harass him, but he fails to allege any facts showing *how* the deposition amounts to harassment. He does not contend that Defendant failed to provide sufficient notice of the deposition. Nor does he suggest that the deposition was set for an unreasonable time or duration. He does not allege that he would incur any undue burden or expense in attending the deposition. The "harassment" that Plaintiff alleges in his motion is wholly untethered to a party's deposition of an opposing party in aid of execution of a monetary judgment.[2] The Court will deny Plaintiff's request for a protective order and will allow the deposition to proceed.

The Court will, however, limit the scope of the deposition in two respects. Defendant may not require Plaintiff to bring "[a]ll documents showing restitution made to the Massachusetts Board of Overseers and evidence of eligibility for re-admission to the Massachusetts Bar." *See* [Doc. 287] at 4; [Doc. 299] at 4. Nor may Defendant require Plaintiff to bring to the deposition "[a]ll suicide notes of Susan Gerard's of whatever nature." *See id.* Such materials exceed the scope of discovery "[i]n aid of the judgment or execution." Fed. R. Civ. P. 69(a)(2). Furthermore, Defendant may not inquire into those matters during the deposition.[3]

---

[2] Plaintiff alleges, for example, that "Robert Richards and his client Brenda Wall . . . have committed felony murder of Plaintiff's wife, Susan Gerard." [Doc. 289] at 1. They "have committed extortion both on the federal and state level against Plaintiff Andrew Ross and his deceased wife, Susan Gerard." *Id.* The allegations, which he has made elsewhere, provide no basis for granting the relief he seeks here.

[3] In his response to the motion, Defendant additionally requests that the Court "bar Ross from filing pleadings without first obtaining the Court's permission to file, and order Ross to submit to a neuropsychological examination by a suitably licensed or certified examiner." [Doc. 292] at 4. The Court will deny these additional requests. Judge Kelly has already cautioned Plaintiff against unnecessary filings. *See* [Doc. 251] at 2 ("Plaintiff Ross is

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Protective Order is **GRANTED IN PART** and **DENIED IN PART**. It is granted to the extent that Defendant may not require Plaintiff to bring to the deposition the documents specified in the preceding paragraph and may not question Plaintiff on those matters. It is denied in all other respects. Plaintiff is cautioned that his failure to appear for the deposition could result in sanctions being imposed against him, including contempt of court. *See* Fed. R. Civ. P. 37(d)(1)(A)(i) (court may order sanctions where a party "fails, after being served with proper notice, to appear for that person's deposition"); *O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, 1210 (10th Cir. 1992).

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 37(a)(5), no expenses will be awarded.

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

advised that this court will not tolerate filings that are frivolous or otherwise constitute an abuse of the judicial process."). And the Court will not require Plaintiff to submit to an examination pursuant to Fed. R. Civ. P. 35(a)(1).