IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| ANDREW ROSS and SUSAN GERARD,<br><br>    Plaintiffs,<br><br>vs.<br><br>HECTOR BALDERAS, JR., ROBERT GARCIA, SARAH MICHAEL SINGLETON, FRANCIS J. MATHEW, RAYMOND Z. ORTIZ, DAVID K. THOMPSON, JENNIFER ATTREP, T. GLENN ELLINGTON, SYLVIA LAMAR, DONITA OLYMPIA SENA, DONNA BEVACQUA-YOUNG, PAT CASADOS, FRANK SEDILLO, WILLIAM PACHECO, ANTONIO GUTIERREZ, ANNA MONTOYA, JUDAH BEN MONTANO, A. ARROYO, E. MONTIJO, MICHELLE PORTILLO, STEPHEN T. PACHECO, JANE GAGNE, JOYCE BUSTOS, LYNN PICKARD, PAMELA REYNOLDS, ROBIN MARTINEZ, ROBERT RICHARDS, BRENDA WALL, AUDREY MONTOYA, and ALLSTATE INSURANCE, INC.,<br><br>    Defendants.<br><br>--------------------------<br><br>PAMELA REYNOLDS and ROBERT RICHARDS,<br><br>    Counter-Claimants,<br><br>vs. | No.     1:16-cv-01121 PJK/SMV |

ANDREW ROSS and SUSAN GERARD,

Counter-Defendants.

ORDER ON RULE 60(B)(1) MOTION
FOR FURTHER RECONSIDERATION OF ATTORNEY'S FEES

THIS MATTER comes on for consideration of Plaintiff Andrew Ross's Rule 60(b)(1) Motion for Further Reconsideration of Attorney's Fees Granted by this Court to Robert Richards and Hector Balderas Pursuant to FRCP 60.(b)(1), filed December 4, 2017. Doc. 297. Upon consideration thereof, the Motion is not well taken and should be denied.

A first amended final judgment awarding attorney's fees was entered on October 2, 2017. Doc. 269. Mr. Ross did not appeal from that judgment, nor the initial judgment awarding attorney's fees. Doc. 252. Rule 60(b)(1) allows a court to relieve a party from a final judgment on the basis of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). This is Mr. Ross's third motion seeking post-judgment relief. See Docs. 261, 285 (first and second motions). The first motion attributed the judgment to the fault of his attorney; the second to Defendants Richards and Wall. A Rule 60(b) motion is not a substitute for an appeal. Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc., 909 F.2d 1437, 1440 (10th Cir. 1990). And no explanation appears as to why Mr. Ross did not raise his current arguments in his earlier motions.

Be that as it may, Mr. Ross contends that he was not a party to any of the claims involved seeking relief against Defendants Richards and Balderas. That statement is belied by the amended complaint which contains allegations by Plaintiff Ross against Defendants Richards and Balderas. See, e.g., Doc. 8 at 1; id. at 58, ¶ 235; id. at 59, ¶¶ 238–243; id. at 60, ¶ 248; id. at 61, ¶ 252; id. at 74, ¶¶ 364–365. The court has previously determined that Mr. Ross "was complicit and culpable" in these proceedings in the context of denying a prior motion. Doc. 270 at 3.

Mr. Ross also contends that the award of attorney's fees would constitute an illegal taking under the Fourth Amendment. He cites no authority for this proposition, and the court rejects it.

In his response (Doc. 301), Defendant Richards again urges the court to place Plaintiff Ross under filing restrictions and order that Mr. Ross undergo a neuropsychological evaluation, which could lead to a commitment proceeding or appointment of a guardian ad litem. Defendant Richards again seeks attorney's fees and costs subsequent to the order granting him fees. The court declines to grant such relief but admonishes Mr. Ross that future frivolous pleadings (such as this one, in which he again attempts to evade responsibility for frivolous filings) may result in sanctions.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, and DECREED that Plaintiff Andrew Ross's Rule 60(b)(1) Motion for Further Reconsideration of Attorney's Fees Granted by this Court to Robert Richards and Hector Balderas Pursuant to FRCP 60.(b)(1), filed December 4, 2017 (Doc. 297) is denied.

DATED this 4th day of January 2018, at Santa Fe, New Mexico.

/s/ Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation