IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREW ROSS and SUSAN GERARD,

    Plaintiffs,

v.                                                                                                             No. 16-cv-1121 PJK/SMV

HECTOR BALDERAS, JR., ROBERT GARCIA,
SARAH MICHAEL SINGLETON,
FRANCIS J. MATHEW, RAYMOND Z. ORTIZ,
DAVID K. THOMPSON, JENNIFER ATTREP,
T. GLENN ELLINGTON, SYLVIA LAMAR,
DONITA OLYMPIA SENA,
DONNA BEVACQUA-YOUNG, PAT CASADOS,
FRANK SEDILLO, WILLIAM PACHECO,
ANTONIO GUTIERREZ, ANNA MONTOYA,
JUDAH BEN MONTANO, JOHN DOES 1–2,
MICHELLE PORTILLO, STEPHEN T. PACHECO,
JANE GAGNE, JOYCE BUSTOS, LYNN PICKARD,
PAMELA REYNOLDS, ROBIN MARTINEZ,
ROBERT RICHARDS, BRENDA WALL,
AUDREY MONTOYA, ALLSTATE INSURANCE, INC.,
A. ARROYO, and E. MONTIJO,

    Defendants,

and

PAMELA REYNOLDS and ROBERT RICHARDS,

    Counterclaimants,

v.

ANDREW ROSS and SUSAN GERARD,

    Counter-defendants.[1]

---

[1] All the claims and counterclaims have been dismissed. *See* [Docs. 8, 69, 76, 81, 91, 112, 121, 137, 144, 168, 169, 174, 188, 189]. Plaintiff/Counter-defendant Gerard has passed away, and substitution of her estate was denied. [Doc. 232] at 2.

## ORDER GRANTING IN PART AND RESERVING RULING IN PART ON COUNTY DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE WHY ANDREW ROSS SHOULD NOT BE HELD IN CONTEMPT

THIS MATTER is before the Court on Defendants Robert Garcia, William Pacheco, Antonio Gutierrez, and Anna Montoya's ("County Defendants") Motion for Order to Show Cause Why Andrew Ross Should not be held in Contempt [Doc. 308], filed January 11, 2018. Plaintiff Ross responded on January 12, 2018. [Doc. 310]. County Defendants replied on January 15, 2018. [Doc. 311]. Having considered the briefing, the relevant portions of the record, and the relevant law, and being otherwise fully advised in the premises, the Court will grant the motion in part and reserve ruling in part.

Judgment was entered against Plaintiffs on October 2, 2017, in the amount of $26,020.59. [Doc. 269]. A deposition in aid of execution of the judgment was set for January 9, 2018. [Docs. 287, 299]. The notice of deposition required Plaintiff to bring certain documents to the deposition. [Docs. 287, 299, 300]. Plaintiff appeared, but he did not bring any of the documents. In fact, he did not cooperate at all. [Doc. 308] at 12. Plaintiff objected to the presence of Angelique Wall. [Doc. 310] at 2–3; [Doc. 308] at 12. Apparently, Ms. Wall is a paralegal assisting Defendant Richards, [Doc. 211] at 5–8, [Doc. 308] at 12, and Richards is an attorney who represents himself pro se and who noticed the deposition, [Docs. 287, 299]. Plaintiff alleges, however, that Ms. Wall was involved in the disputes that gave rise to this lawsuit in the first place. [Doc. 309] at 1–2. He urges that her presence was meant to distress him; he likens it to "bringing a Nazi in full Nazi regalia to a holocaust survivor's home." *Id.* at 2. Plaintiff refused to be sworn or answer any questions at the deposition unless Ms. Wall left the room or

unless she answered Plaintiff's own questions about her involvement in the underlying disputes. [Doc. 308] at 12. The deposition concluded after about five minutes. *Id.*

County Defendants move the Court to order Plaintiff to appear in person to show cause why he should not be sanctioned and held in contempt for failing to cooperate in the deposition. County Defendants ask the Court to impose whatever punishment it deems appropriate. Finally, County Defendants ask the Court to reset the deposition to occur under its supervision. [Doc. 308].

Plaintiff Ross argues that Ms. Wall was present at the deposition, not to assist Mr. Richards, but to harass and emotionally distress Plaintiff. [Doc. 310] at 2. The Court has recently denied Plaintiff's Third Motion for Protective Order, which sought to preclude any future deposition. [Doc. 313]. The Court agrees with Defendants that the deposition should be reset. The undersigned will be present at the courthouse to rule on objections.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that County Defendants' Motion for Order to Show Cause Why Andrew Ross Should not be held in Contempt [Doc. 308] be **GRANTED IN PART**. The deposition of Plaintiff Ross in aid of execution of the judgment will take place on **Wednesday, February 14, 2018, at 9:00 a.m.** in the Pecos Courtroom of the Pete V. Domenici United States Courthouse at 333 Lomas Boulevard Northwest in Albuquerque, New Mexico. Counsel for County Defendants, Mr. Dickman, will retain a court reporter. *See* [Doc. 311]. This Order shall constitute notice of the deposition.

Plaintiff is again admonished that his failure to appear, to bring the requested documents,[2] or to cooperate with the deposition **could result in sanctions being imposed against him, including contempt of court.** *See* Fed. R. Civ. P. 37(d)(1)(A)(i) (court may order sanctions where a party "fails, after being served with proper notice, to appear for that person's deposition"); *O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, 1210 (10th Cir. 1992). **The penalties for contempt include fines and incarceration.**

**IT IS FURTHER ORDERED** that **RULING be RESERVED** on County Defendants' request to order Plaintiff Ross to show cause why he should not be held in contempt.

**IT IS SO ORDERED**.

                                                       _____
                                                       **STEPHAN M. VIDMAR**
                                                       **United States Magistrate Judge**

---

[2] The list of required documents is attached to the Amended Notice of Deposition [Doc. 299], as modified by the Court's order [Doc. 300] at 4.