# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**ANDREW ROSS and SUSAN GERARD,**

    **Plaintiffs,**

**v.**                                           **No. 16-cv-1121 PJK/SMV**

**HECTOR BALDERAS, JR., ROBERT GARCIA,**
**SARAH MICHAEL SINGLETON,**
**FRANCIS J. MATHEW, RAYMOND Z. ORTIZ,**
**DAVID K. THOMPSON, JENNIFER ATTREP,**
**T. GLENN ELLINGTON, SYLVIA LAMAR,**
**DONITA OLYMPIA SENA,**
**DONNA BEVACQUA-YOUNG, PAT CASADOS,**
**FRANK SEDILLO, WILLIAM PACHECO,**
**ANTONIO GUTIERREZ, ANNA MONTOYA,**
**JUDAH BEN MONTANO, JOHN DOES 1–2,**
**MICHELLE PORTILLO, STEPHEN T. PACHECO,**
**JANE GAGNE, JOYCE BUSTOS, LYNN PICKARD,**
**PAMELA REYNOLDS, ROBIN MARTINEZ,**
**ROBERT RICHARDS, BRENDA WALL,**
**AUDREY MONTOYA, ALLSTATE INSURANCE, INC.,**
**A. ARROYO, and E. MONTIJO,**

    **Defendants,**

**and**

**PAMELA REYNOLDS and ROBERT RICHARDS,**

    **Counterclaimants,**

**v.**

**ANDREW ROSS and SUSAN GERARD,**

    **Counter-defendants.[1]**

---

[1] All the claims and counterclaims have been dismissed. *See* [Docs. 8, 69, 76, 81, 91, 112, 121, 137, 144, 168, 169, 174, 188, 189]. Plaintiff/Counter-defendant Gerard has passed away, and substitution of her estate was denied. [Doc. 232] at 2.

## ORDER DENYING PLAINTIFF ROSS'S
## REQUEST TO VACATE AND RESET HIS DEPOSITION

THIS MATTER is before the Court on Plaintiff Ross's Notice to the Court [Doc. 319],

filed January 23, 2018. No party has responded to the Notice, but no response is needed.

Having considered the Notice, the relevant portions of the record, and the relevant law, and being

otherwise fully advised in the premises, the Court will construe the Notice as a motion to

vacate/reset the deposition of Plaintiff and deny it without prejudice.

Judgment was entered against Plaintiffs on October 2, 2017, in the amount of $26,020.59.

[Doc. 269]. A deposition in aid of execution of the judgment was duly noticed for January 9,

2018. [Docs. 287, 299]. The notice of deposition required Plaintiff to bring certain documents

to the deposition. [Docs. 287, 299, 300]. Plaintiff appeared but did not bring any of the

documents. In fact, he did not cooperate at all. [Doc. 308] at 12. The deposition concluded after

about five minutes. *Id.* At the request of Defendants Robert Garcia, William Pacheco, Antonio

Gutierrez, and Anna Montoya, on January 17, 2018, the Court reset the deposition to occur under

its supervision at the Pete V. Domenici United States Courthouse in Albuquerque, New Mexico

on February 14, 2018. [Doc. 315].

On January 17, 2018, pro se Defendant Robert Richards (who is also an attorney), moved

to vacate and reset the deposition because he planned to be out of the country on February 14,

2018. [Doc. 316]. Chambers staff contacted Defendant Richards as a courtesy to notify him of

the undersigned's long-standing policy for scheduling conflicts. Staff advised Defendant

Richards that if all parties could agree on an alternative date and time for the deposition, and if

the Court's schedule permitted, the deposition would be rescheduled. If, however, not all parties

could agree on an alternative date, the deposition would proceed as scheduled on February 14, 2018.  Defendant Richards then informed chambers staff on January 18, 2018, that the parties could not agree on an alternative date.  Thus, the Court denied Richards' motion.  [Doc. 317].

Also on January 18, 2018, Plaintiff Ross called chambers and advised that he, too, had a scheduling conflict for February 14, 2018.  (He planned to visit his daughter out of state.)  Staff advised Plaintiff Ross of the Court's scheduling-conflict policy.  On January 23, 2018, Plaintiff Ross filed his Notice.  [Doc. 319].  In it, he represents that he has travel plans during the week of February 14, 2018, and asks the Court to reset the deposition for February 20, 2018, or any time after.  *Id.*  The Notice provides no indication that Plaintiff Ross attempted to work out an alternative date with the other parties.  *See id.*

As has been communicated to the parties already, if all are able to agree on an alternative date for the deposition, the Court will attempt to accommodate them, subject to the Court's own schedule.  Because resetting the deposition will ultimately be contingent on the Court's schedule, it is recommended that the parties attempt to agree on multiple alternative dates.[2]

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff Ross's Notice to the Court [Doc. 319] be **CONSTRUED** as a motion to vacate and reset his deposition and **DENIED**.

Unless and until all parties agree on an alternative date for the deposition which does not conflict with the Court's schedule, the deposition of Plaintiff Ross in aid of execution of the judgment will take place on **Wednesday, February 14, 2018, at 9:00 a.m.** in the Pecos

---

[2] The Court agreed to hold the deposition in Albuquerque as a courtesy to the parties.  If the parties all agree to conduct the deposition in Las Cruces, the Court will have broader availability.

Courtroom of the Pete V. Domenici United States Courthouse at 333 Lomas Boulevard Northwest in Albuquerque, New Mexico.

Plaintiff is again admonished that his failure to appear, to bring the requested documents,[3] or to cooperate with the deposition **could result in sanctions being imposed against him, including contempt of court.** *See* Fed. R. Civ. P. 37(d)(1)(A)(i) (court may order sanctions where a party "fails, after being served with proper notice, to appear for that person's deposition"); *O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, 1210 (10th Cir. 1992). **The penalties for contempt include fines and incarceration.**

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

[3] The list of required documents is attached to the Amended Notice of Deposition [Doc. 299], as modified by the Court's order [Doc. 300] at 4.