IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREW ROSS and SUSAN GERARD,

    Plaintiffs,

v.                                                                                                            No. 16-cv-1121 PJK/SMV

HECTOR BALDERAS, JR., ROBERT GARCIA,
SARAH MICHAEL SINGLETON,
FRANCIS J. MATHEW, RAYMOND Z. ORTIZ,
DAVID K. THOMPSON, JENNIFER ATTREP,
T. GLENN ELLINGTON, SYLVIA LAMAR,
DONITA OLYMPIA SENA,
DONNA BEVACQUA-YOUNG, PAT CASADOS,
FRANK SEDILLO, WILLIAM PACHECO,
ANTONIO GUTIERREZ, ANNA MONTOYA,
JUDAH BEN MONTANO, JOHN DOES 1–2,
MICHELLE PORTILLO, STEPHEN T. PACHECO,
JANE GAGNE, JOYCE BUSTOS, LYNN PICKARD,
PAMELA REYNOLDS, ROBIN MARTINEZ,
ROBERT RICHARDS, BRENDA WALL,
AUDREY MONTOYA, ALLSTATE INSURANCE, INC.,
A. ARROYO, and E. MONTIJO,

    Defendants,

and

PAMELA REYNOLDS and ROBERT RICHARDS,

    Counterclaimants,

v.

ANDREW ROSS and SUSAN GERARD,

    Counter-defendants.[1]

---

[1] All the claims and counterclaims have been dismissed. *See* [Docs. 8, 69, 76, 81, 91, 112, 121, 137, 144, 168, 169, 174, 188, 189]. Plaintiff/Counter-defendant Gerard has passed away, and substitution of her estate was denied. [Doc. 232] at 2.

# ORDER DENYING DEFENDANT RICHARDS' MOTION FOR ORDER TO SHOW CAUSE WHY ANDREW ROSS SHOULD NOT BE HELD IN CONTEMPT

THIS MATTER is before the Court on Defendant Richards' Motion for Order to Show Cause Why Andrew Ross Should Not Be Held in Contempt of Court [Doc. 330], filed on February 23, 2019. Plaintiff Ross responded on March 7, 2019. [Doc. 331]. Defendant Richards replied on March 11, 2019. [Doc. 332]. Having considered the briefing, the relevant portions of the record, and the relevant law, and being otherwise fully advised in the premises, the Court will deny the Motion.

## Background

Judgment was entered against Plaintiffs more than 17 months ago, on October 2, 2017, in the amount of $26,020.59. [Doc. 269]. A deposition in aid of execution of the judgment was set for January 9, 2018. [Docs. 287, 299]. The notice of deposition required Plaintiff to bring certain documents to the deposition. [Docs. 287, 299, 300]. Plaintiff appeared but did not bring any of the documents. In fact, he did not cooperate at all. [Doc. 308] at 12.

Defendants Robert Garcia, William Pacheco, Antonio Gutierrez, and Anna Montoya ("County Defendants") moved the Court to order Plaintiff to appear in person to show cause why he should not be sanctioned and held in contempt for failing to cooperate in the deposition. [Doc. 308]. They asked the Court to impose whatever punishment it deemed appropriate and to reset the deposition to occur under its supervision. [Doc. 308]. The Court agreed in part and reset the deposition to occur at the courthouse under its supervision on February 14, 2018. [Doc. 315]

2

at 3. However, the Court reserved ruling on the request to order Plaintiff Ross to show cause why he should not be sanctioned and held in contempt. *Id.* at 4.

With agreement and cooperation from all involved, the deposition was reset to April 19, 2018. [Doc. 321]. On April 19, 2018, all interested counsel and Plaintiff Ross appeared at the courthouse as ordered for the deposition. [Doc. 325]. However, before the deposition could take place, the parties reached a settlement agreement. *See id.* at 2. Pursuant to the settlement agreement, Plaintiff Ross agreed to pay $2,707.81 to Defendant Richards in monthly installments of $113. *Id.* Based on the parties' settlement agreement, the Court denied as moot the request to order Plaintiff to appear in person to show cause why he should not be sanctioned and held in contempt for failing to cooperate in the January deposition. [Doc. 326].

Now, 11 months later, Richards complains that Plaintiff has failed to make the settlement payments as agreed. [Doc. 330]. Richards alleges that Plaintiff has made only two payments, totaling $225.86. *Id.* at 2. Richards asks the Court to order Plaintiff to appear in person to show cause why he should not be sanctioned and held in contempt for failing to comply with the settlement agreement. *Id.* at 1. Richards further requests that the Court order Plaintiff to appear at a deposition under the Court's supervision. *Id.* at 2–3. Plaintiff responds that he is indigent and cannot make his settlement payments. [Doc. 331]. He further argues that contempt is not an appropriate sanction for failure to make settlement payments. *Id.* Richards, however, is convinced that Plaintiff is hiding his assets. [Doc. 332] at 1. He asks to Court to "stop this travesty of justice and sanction Ross[.]" *Id.* at 3. Other than Richards' general reference to the "inherent power to

control matters before the Court," [Doc. 332] at 3, neither party cites any legal authority in support of his positions.

## Analysis

Defendant Richards' arguments fail to persuade the Court that any sanction is warranted at this time. He provides no authority for holding Plaintiff in contempt or otherwise sanctioning him for failing to make his settlement payments, and the Court is unaware of any such authority.

Similarly, the Court is not persuaded that contempt or any other sanction is warranted arising from the April 19, 2018 hearing. *See* [Doc. 330] at 2. The Clerk's Minutes reflect that at the April 19, 2018 hearing, "Mr. Ross . . . turned over all documents requested in the notice of deposition." [Doc. 325] at 2. Now, nearly a year later, however, Richards claims that some of the requested documents were not provided. [Doc. 330] at 2. He elaborates no further. He gives no indication which documents are missing or how their absence affects his position. *See id.* These facts, as presented by Richards, fail to show that contempt or any other sanction is warranted. Additionally, the Court declines to entertain sanctions for alleged conduct in other lawsuits. *See* [Doc. 332] at 1–3.

Finally, Richards asks the Court to preside over "a future deposition," [Doc. 330] at 2–3, but he does not indicate what the purpose of the deposition would be. When the Court agreed to preside over the deposition in April of 2018, the case was in a different posture. At that time, a deposition in aid of execution had already been noticed, and Plaintiff had failed to cooperate. *See* [Doc. 315]. Today, no deposition has been noticed. Nor has Richards indicated what purpose a deposition would serve. (The Court might infer that the purpose of the deposition would be to aid

4

in the execution of the judgment, but such would only be an inference.) Defendant Richards fails to show that the Court should order a deposition.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant Richards' Motion for Order to Show Cause Why Andrew Ross Should Not Be Held in Contempt of Court [Doc. 330] be **DENIED**.

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**